**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JB AT RIVER NORTH, LLC et al., | ) | |
| | ) | Case No. 1:20-cv-5140 _____ |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| STARR SURPLUS LINES INSURANCE | ) | |
| COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446(a), and FED. R. CIV. P. 81, Defendant, Starr

Surplus Lines Insurance Company ("Starr") hereby gives notice of removal and petitions the Court

for removal of the action described below from the Circuit Court of Cook County, Illinois, County

Department, Law Division to this Court, and in support thereof, states as follows:

1.     On July 30, 2020, Plaintiff, JB at River North LLC ("JB"), along with 42 other

Plaintiffs, filed suit against Starr and 17 other insurance companies, in the Circuit Court of Cook

County, Illinois, County Department, Law Division, under Case Number 2020 L 008099.

2.     Defendant, Starr, was served with a copy of the Complaint on August 17, 2020.

3.     JB asserts claims against Starr for Declaratory Judgment, Breach of Contract and

Unjust Enrichment.  A copy of Plaintiffs' Complaint, and all process and orders served upon Starr

in the Circuit Court of Cook County lawsuit, as required by 28 U.S.C. § 1446(a), are attached

hereto as ***Exhibit A***.

## BASIS FOR FEDERAL JURISDICTION

4.     JB is a limited liability company organized under the laws of Illinois and all

members of JB are citizens of the State of Illinois.

5.      Starr is incorporated in the State of Texas, with its principal basis of business in the State of New York.

6.      The citizenship of the other 17 defendant insurance companies must be ignored for purposes of jurisdiction as those defendants are fraudulently joined to this action because JB has no basis for recovering anything from any of the other 17 defendant insurance companies.  The existence of a contract between parties is essential to an action for a declaration of rights under a contract or a claim for breach of contract; likewise an allegation that a defendant retained something of benefit from the plaintiff is essential to a claim for unjust enrichment.  JB has not alleged it has a contract with any of the defendants other than Starr, or that any of the defendants other than Starr retained something of benefit to JB.  *See* Exhibit A.  As a result, there are no circumstances under which JB could recover from any of the other defendants.

7.      Similarly, none of the 43 Plaintiffs, other than JB, have alleged the existence of a contract with Starr or that Starr retained something of value from them.  *See* Exhibit A.  As a result, the citizenship of the 42 Plaintiffs other than JB must be ignored.  Those Plaintiffs are fraudulently joined to this action because none of them have any possibility of obtaining a recovery from Starr in this matter.

8.      Also, JB has agreed to litigate any dispute arising under the contract pursuant to which it has sought relief against Starr (the Starr insurance policy) in New York, as follows:

> e. Choice of Law and Choice of Venue:
>
> No suit, action, or proceeding regarding this POLICY for the recovery of any claim shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this POLICY. The COMPANY agrees that any suit, action, or proceeding against it for recovery of any claim under this POLICY shall not be barred if commenced within the time prescribed in the statutes of the State of New York. Any suit, action, or proceeding against the COMPANY must be brought solely and

> exclusively in a New York state court or a federal district court sitting within the State of New York. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.

Starr will submit a motion to transfer of JB's claims, pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York, based on the foregoing contractual provision.

9.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between JB and Starr, and the amount in controversy between JB and Starr, exclusive of interest and costs, exceeds $75,000.00.  *See* 28 U.S.C. § 1441. Due to fraudulent joinder, no other Defendants' consent is required under 28 U.S.C. § 1446(b)(2)(A).

10.      Removal to the United States District Court for the Northern District of Illinois, is proper because it is the district embracing the place where the removed action was pending. 28 U.S.C. § 1441(a).

11.      This Notice of Removal is timely filed because it was filed within 30 days after Starr was served with Plaintiffs' Complaint on August 17, 2020.

12.      Promptly after filing this Notice of Removal, Starr will provide written notice of same to Plaintiffs and the remaining Defendants and will file with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division, the Notice of Filing of Notice of Removal attached hereto as ***Exhibit B***.  See 28 U.S.C. §1446(d).

WHEREFORE, Defendant, Starr Surplus Lines Insurance Company hereby gives notice of removal of this action now pending against it in the Circuit Court of Cook County, Illinois, County Department, Law Division.

Date: September 1, 2020         Respectfully submitted,

/s/ *Michael L. Foran*

Michael L. Foran
John Eggum
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
Email: mforan@fgppr.com
Email: jeggum@fgppr.com


*Attorneys for STARR SURPLUS LINES
INSURANCE COMPANY*