UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JB AT RIVER NORTH, LLC et al., ) | |
| ) | Case No. 1:20-cv-05140 |
| Plaintiffs, ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| STARR SURPLUS LINES INSURANCE ) | |
| COMPANY et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO TRANSFER VENUE**

Defendant, Starr Surplus Lines Insurance Company ("Starr"), pursuant to 28 U.S.C. § 1404(a), hereby respectfully requests that this Honorable Court enter an order transferring this proceeding to the District Court for the Southern District of New York, in accordance with the provisions of the insurance contract between Starr and Plaintiff JB at River North LLC ("JB"). In support thereof, Starr states as follows.

**BACKGROUND**

1. On July 30, 2020, JB, along with 42 other Plaintiffs, filed suit against Starr and 17 other insurance companies, in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case Number 2020 L 008099. *See* Docket No. 1, Ex. A (Complaint).

2. Thereafter, on September 1, 2020, Starr timely removed this action to this Court. *See* Docket No. 1.

3. As shown in the Complaint, JB asserts claims for declaratory judgment, breach of contract and unjust enrichment arising out of an insurance policy issued to JB by Starr.

4. A true and correct copy of the Starr Policy is attached hereto as ***Exhibit A***.

5. No other plaintiff has asserted claims against Starr, under the Starr Policy or otherwise.

6. JB has not asserted claims against any defendant other than Starr.

7. JB has agreed to litigate any dispute arising under the Starr Policy in New York, as follows:

> e. Choice of Law and Choice of Venue:
>
> No suit, action, or proceeding regarding this POLICY for the recovery of any claim shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this POLICY. The COMPANY agrees that any suit, action, or proceeding against it for recovery of any claim under this POLICY shall not be barred if commenced within the time prescribed in the statutes of the State of New York. **Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York**. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.

*See* Exhibit A, p. 26 (emphasis supplied).

8. As shown on page 5 of ***Exhibit A***, the Starr Policy, Starr's principal place of business is located at 399 Park Avenue, New York, NY 10022, which is located within the judicial boundaries of the United States District Court for the Southern District of New York.

**RELIEF REQUESTED**

9. Based upon the parties' agreement that any suit, action, or proceeding against Starr be brought solely and exclusively a state court or federal district court located in New York, Starr respectfully requests entry of an order transferring this proceeding to the United States District Court for the Southern District of New York.

**BASIS FOR RELIEF REQUESTED**

10. Section 1404(a) of title 28 provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a).

11. The Supreme Court explained that Section 1404(a) sets the applicable procedure for enforcement of a forum selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 52 (2013) ("[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a).").[1] In instances where there is no contractual forum selection clause, Section 1404(a) requires assessment of both the convenience of the parties and various public-interest considerations. *Id.* at 62-63. However, that is not the proper analysis when a contractual forum selection clause is present. *See Id.* As the Supreme Court held, when the parties' contract contains a valid forum-selection clause, this "represents the parties' agreement as to the most proper forum." *Id.* at 63. Enforcement of the parties' agreement of the proper forum "protects their legitimate expectations and furthers vital interests of the justice system." *Id.* Therefore, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* (internal citations and brackets omitted); *see also In re Mathias*, 867 F.3d 727, 731 (7th Cir. 2017) ("[B]ecause public-interest factors will 'rarely defeat' a transfer to the contractually chosen forum, 'the practical result is that forum-selection clauses should control except in unusual cases.'").

---

[1] The Supreme Court has noted that: "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

12. JB cannot evade the contractual forum selection clause by suing additional parties. *See J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 652 (7th Cir. 2014). JB has only asserted claims against Starr, but its Complaint includes other parties in an apparent effort to evade the forum provisions to which it agreed under the Starr Policy (and otherwise control jurisdiction). As the Seventh Circuit stated in *J.P. Morgan*, if a plaintiff could defeat a forum selection clause in this way, "such clauses would be empty." *Id.*

13. Here, the language of the parties' contract is clear: "Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York." *See* Policy, p. 26. This exclusive venue selection provision, which is governed by New York law pursuant to the above-quoted provisions of the Starr Policy, is enforceable. *See Stravalle v. Land Cargo, Inc.*, 39 A.D.3d 735, 736, 835 N.Y.S.2d 606, 607 (2007) (holding, with exceptions not relevant here, "A contractual forum selection clause is prima facie valid and enforceable.").

14. In light of the Supreme Court's decision in *Atlantic Marine* and the other authorities cited herein, the provisions of the Starr Policy that provide for exclusive jurisdiction in New York are enforceable, and this proceeding should be transferred under Section 1404(a) to the United States District Court for the Southern District of New York, which is a permissible venue for this action under Section 1391(b). *See* 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1391(b).

WHEREFORE, Defendant, Starr Surplus Lines Insurance Company, hereby respectfully requests that this Honorable Court enter an order transferring this proceeding to the United States District Court for the Southern District of New York, and grant such other and further relief as is equitable and just.

Date:  September 2, 2020          Respectfully submitted,

                /s/ *Michael L. Foran*
                Michael L. Foran
                John Eggum
                FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
                222 North LaSalle Street, Suite 1400
                Chicago, Illinois 60601
                Tel:  312-863-5000
                Email:  mforan@fgppr.com
                Email:  jeggum@fgppr.com

                *Attorneys for STARR SURPLUS LINES INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on September 2, 2020, a copy of the foregoing document was served via the Court's electronic notification system, CM/ECF, on all counsel of record.

Date: September 2, 2020          Respectfully submitted,

                                          /s/ Michael L. Foran
                                          Michael L. Foran