**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____
)
LETTUCE ENTERTAIN YOU ENTERPRISES,       )
INC., et al.                             )
                                         )
                  Plaintiffs,            )      Case No:  1:20-cv-5140
                                         )
v.                                       )
                                         )
EMPLOYERS INSURANCE COMPANY OF           )      Removed from the Circuit Court of Cook County
WAUSAU, et al.                           )      Case No. 2020 L 8099
                                         )
                  Defendants.            )
_____)

## CITIZENS INSURANCE COMPANY OF AMERICA'S MOTION TO SEVER

Defendant, Citizens Insurance Company of America ("Citizens"), by and through its attorneys, Tressler LLP, and pursuant to Federal Rule of Civil Procedure 21, hereby moves this Honorable Court to sever each Plaintiff's claim against each Defendant from every other claim in this action, and then address whether diversity jurisdiction exists for any or all of the severed claims. In support of its Motion, Citizens states as follows:

### INTRODUCTION

In a transparent and improper attempt to avoid removal jurisdiction, Plaintiffs have created this Frankenstein of a lawsuit by combining wholly unrelated parties and claims. Each Plaintiff is a separate business, making a claim against a separate insurance company, under a separate insurance contract with its own terms, conditions, and exclusions. Plaintiffs do not have a joint claim against any Defendant, nor do Defendants allegedly owe a joint obligation to any Plaintiff. The only similarity among the Plaintiffs is that they allegedly have been negatively

impacted by the COVID-19 pandemic, but that does not distinguish them from virtually any other person or organization on the planet, and is a far cry from the "factual commonality" and "transactional relatedness" required under Rule 20(a).

This Court should sever each Plaintiff's claim against each Defendant from every other claim in this action, thereby constructing the procedural framework that would have existed but for Plaintiff's fraudulent joinder and fraudulent misjoinder. Once the constituent claims of Plaintiffs' conglomeration are properly separated, the parties and the Court can address in a fair and orderly fashion whether diversity jurisdiction exists for any or all of the severed claims, retaining federal jurisdiction where it does and remanding where it does not.

## BACKGROUND

On July 30, 2020, Plaintiffs filed their Complaint in the Circuit Court of Cook County, Illinois. (Ex. 1) Plaintiffs consist of a "broad and diverse group of restaurants and cultural institutions", including "national outfits with hundreds of locations," "single location, family run neighborhood restaurants and bars," "independently owned fine dining establishments," and "fast-casual franchises." *Id.* at ¶¶1-2. The Plaintiffs are separate entities not (even allegedly) affiliated with one another. *Id.* at ¶¶19-60. In total, the Complaint involves 42 separate insureds with over 700 separate locations, in 38 states, as well as in British Columbia.

The Defendants are 19 separate and distinct insurance companies. *Id.* at ¶¶61-79. Each Plaintiff is the named insured on a separate insurance contract issued by only one of the Defendants. *Id.* at ¶¶101, 111, 127, 135, 164, 172, 181, 199, 207, 216, 224, 234, 244, 255, 263, 271, 280, 288, 295, 303, 312, 322, 330, 338, 346, 349, 360, 368, 376, 384, 390. Plaintiffs "assert claims for business interruption insurance coverage under all-risk commercial property insurance

policies issued and sold to each of them by the Defendant Insurers." *Id.* at ¶1. The Complaint seeks declaratory relief, breach of contract damages, and unjust enrichment, based on a blanket assertion that every Defendant-insurer owes coverage and breached its particular insurance contract with a specific Plaintiff-insured.

The Complaint alleges that Citizens issued an insurance policy to Well Done Hospitality Group LLC ("Well Done"). *Id.* at ¶322. There are no allegations that Well Done is related to the other Plaintiffs, or that Citizens is related to the other Defendants. More importantly, there is no allegation that Citizens issued an insurance policy to any other Plaintiff, or that any other Plaintiff is an insured under the policy issued by Citizens to Well Done. The only insurance policy issued by Citizens and identified in the Complaint is the one issued to Well Done, and that insurance contract is separate and distinct from every other insurance policy alleged in the Complaint. Citizen's only insured identified in the Complaint is Well Done. See generally, id. at ¶¶315-324.

## ARGUMENT

Joinder of parties is not proper unless the "factual commonality" and "transactional relatedness" requirements of Rule 20(a) are met. When either or both of those requirements are not met, misjoinder occurs. Although misjoinder does not, standing along, necessitate dismissal, Rule 21 allows a court to sever any misjoined claim. Even if a plaintiff is able to satisfy the requirements of Rule 20(a) for permissive joinder, "the court has discretion to sever a party at any time if doing so will increase judicial economy and avoid prejudice to the litigants." *Robinson v. Dart*, 2014 WL 222711, *3 (N.D. Ill. 2014); *see also Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000). The constituent claims of Plaintiffs' Complaint should be severed because Plaintiffs cannot meet the factual commonality and transactional relatedness requirements of

Rule 20(a). Further, severing this action into its constituent parts will increase judicial economy and avoid prejudice, and allow for the fair and orderly consideration of any dispute over diversity jurisdiction under 28 U.S.C. §1332.

Plaintiffs' claims against the Defendants do not meet the "factual commonality" requirement. Although all Plaintiffs have allegedly sustained financial losses as a result of the COVID-19 pandemic, that cannot possibly serve as the basis for a "factual commonality" finding, as it would permit the joinder of every COVID-19-related insurance claim into a single lawsuit. The factual differences among the Plaintiffs preclude any finding of true "factual commonality." Each Plaintiff runs its own business, and not all Plaintiffs are even in the same type of business – many are restaurants, but some are museums or other venues. *See, e.g.,* Ex. A, at ¶¶258, 274. Each Plaintiff runs its business from its own location(s), some in Illinois and some in other states. *See, e.g., id.* at ¶¶175, 298, 341. Thus, not all Plaintiffs were impacted by the same public health directives or restrictions related to prevention of the spread of COVID-19. Presumably, some were permitted to remain partially open, *e.g.* for takeout food service, and some chose to shutter altogether on a voluntary basis. The damages sought by Plaintiffs were not allegedly sustained jointly, or even simultaneously. Simply put, each Plaintiff was impacted by the COVID-19 pandemic in different ways and at different times.

Nor do Plaintiffs' claims against the Defendants meet the "transactional relatedness" requirement. Perhaps recognizing this defect, Plaintiffs attempt to gloss over it, by failing to attach the insurance policies and making little direct reference to any of the language in the insurance policies. Nevertheless, even from the face of the carefully-drafted Complaint, the absence of transactional commonality is clear. Each insurance policy identified in the Complaint

was issued by a different insurance company to a different Plaintiff-insured. Each insurance policy is its own contract, requiring payment of a separate premium and subject to its own terms, conditions, exclusion, and definitions. In other words, there is no transaction which any of the Plaintiffs has in common.

In effect, Plaintiffs seek to unilaterally establish a Multi-District Litigation of their claims, but this they cannot do. The Judicial Panel on Multi-District Litigation recently denied the requests of multiple insureds to consolidate separate federal COVID-19 insurance cases into a single, industry-wide MDL involving numerous insurers. *In Re: Covid-19 Business Interruption Protection Insurance Litigation*, 2020 WL 4670700 (August 12, 2020 Order, Dkt. # 772). As the Panel explained when denying those requests, the claims share "only a superficial commonality" and involve "different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different industries located in different states. These differences overwhelm any common factual questions." For these same reasons, Plaintiffs cannot meet the "factual commonality" and "transactional relatedness" requirements of Rule 20(a) here.

*Sieron v. Hanover Fire & Casualty Ins. Co.*, 485 F.Supp.2d 954 (S.D. Ill. 2007), in instructive. A fire destroyed several plaintiffs' homes and each individual plaintiff had obtained insurance from the same defendant insurer. *Id*. at 956. Plaintiffs collectively brought suit against that one insurer, asserting breach of their policies. *Id*. at 957. The insurer brought a motion for misjoinder, and the court severed the claims. *Id*. Even though the same insurer had issued all of the insurance policies, the court reasoned that the claims did "not arise out of the same transaction, occurrence, or series of transactions or occurrences" because the plaintiffs sued "for breaches of five separate contracts executed by separate individuals at separate times." *Id.*

In *Sieron*, the same insurer issued all of the insurance policies, yet the court severed the claims. Here, the Plaintiffs are asserting breaches of numerous different insurance policies, each issued by a different insurer. Such claims clearly cannot meet the factual commonality and transactional relatedness requirements

Likewise, in *Body Science LLC v. Boston Scientific Corp.,* 846 F.Supp.2d 980 (N.D. Ill. 2012), the court considered whether patent infringement claims brought by a single plaintiff against numerous defendants were properly joined. Finding that severance was warranted, the court reasoned, while "two parties may manufacture or sell similar products," that is insufficient to join them in the same suit. *Id*. at 987. The court noted the absence of allegations "that the Defendants acted in concert or otherwise controlled or directed each other's conduct," meaning the only connection between defendants was the fact that each was alleged to have infringed on the patents at issue. *Id*.

Plaintiffs' claims against the Defendants here have even less in common with each other than did the claims in *Body Science*. The Defendants are alleged to have breached different insurance contacts by denying coverage for different losses sustained by different insured, whereas the defendants in *Body Science* allegedly infringed the same patent resulting in harm to the same plaintiff. Yet, the claims in *Body Science* were severed.

In addition, the Court should exercise its Rule 21 discretion to sever the claims of Plaintiffs' Complaint based upon considerations of judicial economy and to avoid prejudice to the Citizens and the other Defendants. The cost and complexity of requiring every Defendant to participate in the discovery and motion practice of every Plaintiff's claim against every other Defendant is neither justified nor fair. *See Estee Lauder Cosmetics Ltd. v. The Partnerships and Unincorporated*

*Associations Identified on Schedule A*, 334, F.R.D 182, 187 (N.D. Ill. 2020) (severing trademark infringement claims against multiple defendants because plaintiff's "blunderbuss theory of joinder would require each trademark-infringement defendant to monitor the docket and the filings pertaining to dozens or hundreds of co-defendants"). Each Plaintiff's claim is separate and discrete and should be litigated as such. Indeed, federal district judges in Pennsylvania, recently confronted with similarly-improper aggregation of COVID-19 insurance claims, have *sua sponte* severed them. *Chattanooga Professional Baseball, LLC d/b/a Chattanooga Lookouts, et al. v. Philadelphia Indemnity Insurance Co., et al.*, 2020 WL 4015434 (E.D. Pa. June 25, 2020 Order, Dkt. # 3) (Judge *sua sponte* severed the COVID-19 business income claims of each plaintiff, where 15 plaintiffs in 11 states brought a single lawsuit against 5 insurers involving different contracts of insurance); *Ultimate Hearing Solutions et al. v. Hartford Underwriters Ins. Co.,* 2020 WL 2733692 (E.D. Pa. July 8, 2020 Order, Dkt. # 3) (Judge *sua sponte* severed COVID-19 business income claims brought by two groups of plaintiffs against two separate insurance companies).

Regarding prejudice, Citizens is entitled to invoke this Court's jurisdiction if Well Done sues it properly, *i.e.* in an individual action, and many other Defendants are in the same position. The best way to avoid that prejudice is by severing each constituent claim from the rest. Plaintiffs have *fraudulently joined* and *fraudulently misjoined* parties here in a blatant attempt to deprive Citizens, and other Defendants, of their right to proceed in federal court, making this a particularly compelling case for the Court to exercise its discretion to sever each insured vs. insurer claim from every other. At that point, the Court and the parties can consider whether complete diversity exists for each constituent claim.

Fraudulent joinder occurs when the plaintiff cannot establish a cause of action against the in-state defendant. *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 2d 1014, 1021 (N.D. Ill. 2015). Any non-diverse defendant who is not properly joined may be disregarded for purposes of diversity jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). A plaintiff "may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 323, 327 (7th Cir. 1999). Yet, that is exactly what Plaintiffs have done here. In the Complaint, Plaintiffs have pled causes of action for Declaratory Judgment and Unjust Enrichment, which are specifically asserted as "All Plaintiffs against All Defendants."  Each Plaintiff insured has only possible causes of action against the Defendant insurance company that issued its respective insurance policy. Only Well Done has possible causes of action against Citizens. Under the doctrine of fraudulent joinder, claims for Declaratory Judgment and Unjust Enrichment by a Plaintiff against any Defendant who did not issue an insurance policy to that Plaintiff should be ignored. The best way to address the procedural mess created by Plaintiffs' Complaint and eliminate fraudulently joined claims is to sever each insured vs. insurer claim from the others, and then address diversity jurisdiction in a fair and orderly fashion.

Fraudulent misjoinder occurs when plaintiffs and/or defendants are improperly joined in a single action in an attempt to prevent a defendant from exercising its statutory right to removal. If so, the citizenship of diversity-destroying parties can be disregarded. In doing this analysis, the court examines whether the joinder of plaintiffs and/or defendants in a single action is proper under Rule 20(a)(1) and (2). To be permitted to join plaintiffs or defendants in a single action, Rule 20 requires (1) a claim for relief asserting joint, several, or alternative liability, (2) arising

from the same transaction, occurrence, or series of transactions or occurrences, and (3) a common question of law or fact. Fed. R. Civ. P. 20(a).[1] For the reasons discussed above, Plaintiffs can meet none of these elements. Certain courts around the country have adopted and applied the doctrine of fraudulent or procedural misjoinder. *See, e.g., Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Others have not.

Judges in the Northern District of Illinois have not had occasion to consider the fraudulent misjoinder doctrine in circumstances as procedurally abusive as these. Nor has the Seventh Circuit yet had the opportunity to consider the fraudulent misjoinder doctrine. Citizens suggests this is the appropriate case for this Court to recognize and apply this doctrine. The misjoinder of plaintiffs and defendants here is particularly egregious, and quite unlike the facts before the Judges in the Northern District who have previously considered the doctrine. In this case, it is clear that the purpose of grouping all these parties and locations in a single state court action is to prevent Citizens, and other Defendants, from exercising their right to remove to federal court. Counsel for Plaintiffs is currently trying the very same tactic in State Court in New York.[2] This should not be permitted, and the doctrine of fraudulent misjoinder should be applied here.

---

[1]     The issue of whether a federal court looks to federal or state joinder rules in analyzing the issue of fraudulent or procedural misjoinder is not material in this case, because Illinois' permissive joinder rules as to plaintiffs and defendants is similar to Rule 20. *See* 735 ILCS 5/2-404 and 5/2-405.

[2]     On August 4, 2020, a few days after filing this suit, counsel for Plaintiffs filed a similar suit in state court in New York: *Abruzzo Docg, Inc., et al. v. Acceptance Indemnity Insurance Company, et al.*, No.514089/2020 (Supreme Court of New York, Kings County). Counsel's New York suit improperly joins 45 plaintiff insureds and 25 defendant insurers, including 4 insurers who are citizens of New York.

**CONCLUSION**

For the reasons stated above, this Court should sever each Plaintiff's claim against each Defendant from every other claim in this action, and then retain jurisdiction (in separate actions) over those actions that meet the diversity requirements of 28 U.S.C. §1332. Any dispute for which complete diversity is lacking can be remanded to the state court for further proceedings. As respects Citizens, Counts 1, 43, and 44[3] of the Complaint should be severed into a separate action with Well Done as the Plaintiff and Citizens as the Defendant.

WHEREFORE, Citizens respectfully requests that this Honorable Court enter an Order severing the claims and parties in Plaintiffs' Complaint as described above; and for any other relief this Court deems just and proper.

Dated: September 3, 2020          By: /s/:  Todd S. Schenk

**CITIZENS INSURANCE COMPANY OF AMERICA**

Todd S. Schenk – tschenk@tresslerllp.com
Jennifer L. Smith – jsmith@tresslerllp.com
TRESSLER LLP
233 S. Wacker Drive – 61st Floor
Chicago, IL  60606
Phone: (312) 627-4000

---

[3]     Counts One and Forty-Four of the Complaint improperly seek declaratory judgment and claim unjust enrichment against all Defendants, even though each Plaintiff and Defendant are parties to different insurance contracts. Thus, Counts One and Forty-Four must be severed to the extent they seek relief from more than one Defendant.

10

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, a copy of foregoing CITIZENS INSURANCE COMPANY OF AMERICA'S MOTION TO SEVER was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the court's cm/ecf system.

TRESSLER, LLP

By:____*/s/ Todd S. Schenk*_____
        Attorney for Defendant
        Citizens Insurance Company of America

Todd S. Schenk
Jennifer L. Smith
Tressler LLP
*Attorneys for Defendant, Citizens*
*Insurance Company of America*
233 S. Wacker Drive, 61st Floor
Chicago, Illinois 60606
312-627-4000
tschenk@tresslerllp.com
jsmith@tresslerllp.com

11