## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

LETTUCE ENTERTAIN YOU ENTERPRISES, INC.; 12 W. ELM LLC d/b/a SPARROW; CHICAGO SCOOPS LLC; GIBSONS L.L.C.; GOLDEN FIVE, INC.; G DOCK, LLC d/b/a HARBOR CHICAGO; HOT ASIAN BUNS, LLC d/b/a WOW BAO; HUBBARD HOUSE RESTAURANT LLC d/b/a/ HUBBARD INN; JB AT RIVER NORTH d/b/a OLD CROW SMOKEHOUSE; JK SHIELDS LLC d/b/a SMYTH & THE LOYALIST; MAC PARENT, LLC; MANNY'S COFFEE SHOP, INC. d/b/a MANNY'S CAFETERIA & DELICATESSEN; NOODLES & COMPANY; ROTI RESTAURANTS, INC.; RPDC ILLINOIS LLC d/b/a ROBERT'S PIZZA AND DOUGH COMPANY; EPIC BURGER, INC.; FAST SANDWICH HOLDINGS INC.; 2263 N. LINCOLN CORP. d/b/a THE DIME; BANGERS & LACE CHICAGO LLC d/b/a BANGERS & LACE CHICAGO; DDMB INC. d/b/a EMPORIUM ARCADE BAR; R.F.R., INC. d/b/a GOLDEN CORRAL RESTAURANT; SARDHARIA BROTHERS, INC. d/b/a TANDOOR CHAR HOUSE; SECOND VENTURE LLC d/b/a L3 HOSPITALITY GROUP; WELL DONE HOSPITALITY GROUP,DDMB2 LLC d/b/a EMPORIUM ARCADE BAR; BANGERS & LACE EVANSTON, LLC d/b/a BANGERS & LACE; BANGERS & LACE ROSCOE VILLAGE LLC d/b/a KITE STRING CANTINA; BARNBQ LLC d/b/a OLD GROUNDS SOCIAL; BUCKTOWN DYSFUNCTIONAL PUB, INC.; DB STATE LLC d/b/a DOUGH BROS; DUSABLE MUSEUM OF AFRICAN AMERICAN HISTORY, INC.; DIVISION STREET CAFÉ LLC d/b/a LITTLE VICTORIES; FULTON PEORIA PARTNERS LLC d/b/a EMPORIUM

Case No. 20-cv-05140

ARCADE BAR; GC LOOMINGDALE, LLC;
HUBBARD STEAK, LLC d/b/a JOY DISTRICT;
CHICAGO ACADEMY OF SCIENCES /
PEGGY NOTEBAERT NATURE MUSEUM;
JO-KIM LOUNGE CORP. d/b/a HAPPY'S
BAMBOO BAR AND LOUNGE; LOGAN
SQUARE TAVERN LLC D/B/A SPILT MILK;
NAS RESTAURANT GROUP, INC. d/b/a
MIXED GREENS; PRIMOS LLC d/b/a HVAC
PUB; SAN BENEDETTO, LLC d/b/a JULIET'S;
and URBAN PLATES LLC,

>                          *Plaintiffs*,

vs.

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, AFFILIATED FM INSURANCE
COMPANY; ARGONAUT GREAT CENTRAL
INSURANCE COMPANY; BADGER MUTUAL
INSURANCE COMPANY; THE CHARTER
OAK FIRE INSURANCE COMPANY; THE
CINCINNATI INSURANCE COMPANY;
CITIZENS INSURANCE COMPANY OF
AMERICA; HARTFORD FIRE INSURANCE
COMPANY; ILLINOIS CASUALTY
COMPANY; OHIO SECURITY INSURANCE
COMPANY; NORTH AMERICAN ELITE
INSURANCE COMPANY; SENTINEL
INSURANCE COMPANY, LIMITED;
SOCIETY INSURANCE; SPECIALTY RISK OF
AMERICA d/b/a SPRISKA; STARR SURPLUS
LINES INSURANCE COMPANY; SECURA
SUPREME INSURANCE COMPANY; TWIN
CITY FIRE INSURANCE COMPANY;
VIGILANT INSURANCE  COMPANY; and
ZURICH AMERICAN INSURANCE
COMPANY,

>                          *Defendants*.

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

### I.    INTRODUCTION

Forty-two (42) separate and unrelated plaintiff businesses filed this lawsuit seeking insurance coverage from 19 separate insurance companies for losses allegedly sustained due to the coronavirus pandemic.  Of the 42 plaintiffs, only Urban Plates LLC ("Urban Plates") alleges that it purchased a policy from Zurich American Insurance Company ("Zurich").  Despite having absolutely no relationship with Zurich, the other 41 plaintiffs inexplicably include themselves in two omnibus counts for declaratory judgment and unjust enrichment by all plaintiffs against all defendants.  The 41 plaintiffs that purchased insurance only from other defendants have no chance of recovering from Zurich and, therefore, their claims against Zurich should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II.    FACTUAL BACKGROUND

As set forth in more detail in Zurich's contemporaneously-filed motion to sever Urban Plates' claim against Zurich, the complaint in this case was filed by 42 plaintiff businesses seeking coverage for alleged losses in connection with the coronavirus pandemic from 19 separate insurance companies.  ECF 1-1 at ¶ 19-79.  Each plaintiff is insured under a separate insurance policy issued by only one defendant.[1]  The complaint attaches as an exhibit a detailed chart making it clear that Zurich issued only one policy to one plaintiff, Urban Plates.[2] While only Urban Plates purchased a policy from Zurich, Count 1 (declaratory judgment) and Count 44

---

[1] *Id.* at ¶ 101, 111, 127, 135, 164, 172, 181, 199, 207, 216, 224, 234, 244, 255, 263, 271, 280, 288, 295, 303, 312, 322, 330, 338, 346, 349, 360, 368, 376, 384, 390.

[2] *See* Ex. 1 (Declaration of Eileen Bower) at Ex. A (attaching the chart attached as Exhibit A to the state court complaint.)

(unjust enrichment) of the complaint are pled as "All Plaintiffs Against All Defendants."  ECF 1-1.

The declaratory judgment count alleges that an actual justiciable controversy exists between all plaintiffs and all defendants regarding the construction of certain terms in "Defendant Insurers'" policies and seeks a declaration that all plaintiffs' claims for business interruption coverage arising out of the coronavirus pandemic are covered under all defendants' policies.  ECF 1-1 at ¶ 393-398.  The unjust enrichment count alleges that all defendants were unjustly enriched in the amount of premiums paid by all plaintiffs.  *Id.* at ¶ 651-657.

Therefore, as presently pled, the following 41 plaintiffs purport to seek a declaratory judgment about the construction of the Zurich Policy to which they have no relation and claim Zurich was unjustly enriched by premiums they never paid to Zurich: 12 W. Elm LLC d/b/a Sparrow, 2263 N. Lincoln Corp. d/b/a The Dime, Chicago Academy of Sciences/Peggy Notebaert Nature Museum, Chicago Scoops LLC, DDMB Inc. d/b/a Emporium Arcade Bar, DDMB2 LLC d/b/a Emporium Arcade Bar, DuSable Museum of African American History, Inc., Bangers & Lace Evanston, LLC d/b/a Bangers & Lace, Bangers & Lace Roscoe Village LLC d/b/a Kite String Cantina, BarnBQ LLC d/b/a Old Grounds Social, Bucktown Dysfunctional Pub, Inc., DB State LLC d/b/a Dough Bros, Division Street Café LLC d/b/a Little Victories, Epic Burger, Inc., Fast Sandwich Holdings Inc., Fulton Peoria Partners LLC d/b/a Emporium Arcade Bar, GC Bloomingdale, LLC, G Dock, LLC d/b/a Harbor Chicago, Gibsons L.L.C., Golden Five, Inc., Hot Asian Buns, LLC d/b/a Wow Bao, Hubbard House Restaurant LLC d/b/a/ Hubbard Inn, Hubbard Steak, LLC d/b/a Joy District, JB at River North d/b/a Old Crow Smokehouse, JK Shields LLC d/b/a Smyth & The Loyalist, Jo-Kim Lounge Corp. d/b/a Happy's Bamboo Bar and Lounge, Lettuce Entertain You Enterprises, Inc., Logan Square

Tavern LLC d/b/a Spilt Milk, Mac Parent LLC, Manny's Coffee Shop, Inc. d/b/a Manny's Cafeteria & Delicatessen, NAS Restaurant Group, Inc. d/b/a Mixed Greens, Noodles & Company, Primos LLC d/b/a HVAC Pub, R.F.R., Inc. d/b/a Golden Corral Restaurant, Roti Restaurants, Inc., RPDC Illinois LLC d/b/a Robert's Pizza and Dough Company, San Benedetto, LLC d/b/a Juliet's, Sardharia Brothers, Inc. d/b/a Tandoor Char House, Second Venture LLC d/b/a L3 Hospitality Group, and Well Done Hospitality Group (collectively, the "Other Plaintiffs").

## III.    LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. FOP*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions'" such that "conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, 'do not suffice.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    SUBJECT MATTER JURISDICTION

On September 1, 2020, defendant Starr Surplus Lines Insurance Company ("Starr") filed a notice of removal.   ECF 1.  Starr's notice of removal was proper notwithstanding the fact that Zurich is a forum defendant that was served prior to removal and that Zurich did not join in or consent to Starr's removal.  This is because the removal statute requires consent to removal only by other defendants who are "properly joined" and prohibits removal by a "properly joined" forum defendant.  *See* 28 U.S.C. § 1441(b)(2); 28 U.S.C. §1446(b)(2)(A); *Smith v. Hendricks,*

140 F. Supp. 3d 66, 68 (D.D.C. 2015) (rejecting motion to remand because the prohibition of removal when there is a forum defendant and requirement to join or consent to removal applies only to "properly joined" defendants and the non-consenting forum defendant was misjoined).[3] As discussed in more detail in Zurich's contemporaneously-filed motion to sever, Zurich is not "properly joined."

As noted in Starr's notice of removal, only the citizenship of the particular plaintiff and the specific insurer-defendant from whom that plaintiff purchased a policy should be considered for evaluating diversity in this action, because the plaintiffs and defendants that do not have claims against each other are fraudulently joined. ECF 1. When a plaintiff cannot establish a cause of action against a defendant whose citizenship would defeat diversity, that defendant is fraudulently joined and its citizenship is disregarded. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (district court properly denied motion to remand where plaintiff joined defendant against whom there was no possibility of recovery). Likewise, plaintiffs' citizenship is also disregarded when multiple plaintiffs are fraudulently joined to assert non-viable claims against a single defendant to defeat jurisdiction. *See Lerma v. Univision Commc'ns, Inc.,* 52 F. Supp. 2d 1011, 1027 (E.D. Wis. 1999) (removal was proper because two plaintiffs were fraudulently joined and, thus, "disregarded for diversity jurisdiction purposes"); *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1045 (N.D. Ill. 2016) (citizenship of fraudulently joined plaintiffs could be disregarded). Only one plaintiff, JB at River North LLC ("JB"), purchased a policy from

---

[3] While Starr's Notice of Removal seeks to remove only the dispute between it and its policyholder JB at River North LLC, removal on the basis of diversity jurisdiction removes an entire lawsuit to federal court. *See* 28 U.S.C. § 1441(b) (referring to removal of "a civil action" on the basis of diversity); *Brown v. Fla.,* 208 F. Supp. 2d 1344, 1350 (S.D. Fla. 2002) (explaining that removal under 28 U.S.C. § 1443 removes an entire a multi-party suit to federal court based on its reference to removal of "civil actions" rather than merely claims).

Starr and, therefore, none of the other plaintiffs could possibly recover from Starr. Therefore, Starr's removal is proper because diversity of citizenship exists between Starr and JB and over $75,000 is at issue between them. ECF 1.

The same applies to the dispute between Zurich and Urban Plates, the lone plaintiff that purchased a policy from Zurich. Urban Plates has no contract with, and therefore has no claim against, any insurer except Zurich, and its claims against other insurers are fraudulently joined, making the citizenship of other insurers irrelevant as to its claim against Zurich. In addition, the claims of all plaintiffs other than Urban Plates are fraudulently joined against Zurich, as they have no contract with, and therefore have no claim against Zurich, making their citizenship irrelevant as to Zurich. None of the other plaintiffs purchased a policy from Zurich and, therefore, none have any chance at recovery from Zurich, as discussed below. Therefore, all other parties in this lawsuit are fraudulently joined to the Urban Plates – Zurich dispute.

As to the Urban Plates-Zurich dispute, the parties' citizenship is diverse, creating subject-matter jurisdiction in this Court. Zurich is a New York corporation with its principal place of business in Illinois. Urban Plates is a limited liability company whose members are (based on Zurich's good faith investigation) principally citizens of California, none of whom are citizens of New York or Illinois. *See* Bower Decl. at Ex. B. Therefore complete diversity exists between Urban Plates and Zurich. In addition, Urban Plates alleges that it suffered "substantial losses" at 19 different restaurants. As a result, over $75,000 exclusive of interest and costs is at issue relative to Urban Plates' claim. Accordingly, once Urban Plates' claims against Zurich are properly severed into a separate lawsuit, the Court has subject-matter jurisdiction over that lawsuit because diversity jurisdiction exists. 28 U.S.C. § 1332.

## V.    ARGUMENT

The Other Plaintiffs' claims against Zurich should be dismissed with prejudice because they do not allege to have purchased a policy from Zurich and, therefore, plainly have no cause of action against Zurich for declaratory judgment or unjust enrichment.  A more transparent example of failure to state a claim upon which relief may be granted is difficult to imagine.

Strangers to a contract cannot seek a declaratory judgment about its interpretation. *Interim Healthcare, Inc. v. Home Sols. Sys. Equity Corp.*, No. 98 C 7419, 1999 WL 286082, at *5 (N.D. Ill. Apr. 26, 1999) (dismissing claim by a party seeking a declaratory judgment about a contract to which it was not a party, because it has no standing to bring a claim).  The fact that not just anyone can obtain a declaration about the meaning of any contract makes sense because the declaratory judgment act requires an actual controversy between a plaintiff and a defendant. *See* 28 U.S.C. § 2201; *Int'l Equip. Trading, Ltd. v. Illumina, Inc.*, 312 F. Supp. 3d 725, 736 (N.D. Ill. 2018) ("to survive a motion to dismiss, a complaint seeking declaratory relief must allege facts sufficient to establish such an actual controversy").  The Other Plaintiffs are strangers to the insurance contract between Urban Plates and Zurich and, as such, cannot state a claim for declaratory judgment about its construction.

The Other Plaintiffs have no cause of action against Zurich for unjust enrichment either. A claim for unjust enrichment requires a plaintiff to establish that the defendant "unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of that benefit violates the fundamental principles of justice, equity, and good conscience." *T.S. v. Twentieth Century Fox Television*, 334 F.R.D. 518, 540 (N.D. Ill. 2020).  The Other Plaintiffs paid no premiums to Zurich, and Zurich has not received (or unjustly retained) any benefit from the Other Plaintiffs.

Moreover, there is no stand-alone cause of action for unjust enrichment, and claims for unjust enrichment are "tied to the fate" of the claim from which the unjust enrichment allegedly arose. *E.g.*, *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019) (affirming dismissal of unjust enrichment claim because the plaintiffs failed to state a claim under the Illinois Consumer Fraud Act and, therefore, also failed to state a claim for unjust enrichment). Therefore, because the Other Plaintiffs cannot state a claim against Zurich for declaratory judgment, they cannot state a claim against Zurich for unjust enrichment either.

As the Other Plaintiffs cannot state a claim for relief against Zurich, their claims against Zurich should be dismissed. *See, e.g., Tiller v. State Farm Mut. Auto. Ins. Co*., 549 F. App'x 849, 857 (11th Cir. 2013) (affirming dismissal of declaratory judgment and unjust enrichment claims by plaintiffs that did not purchase a policy from the defendant insurer); *Kizler v. Budget Fin. Co*., No. CV 5:20-0296-DOC-KK, 2020 WL 4037212, at *3 (C.D. Cal. Apr. 1, 2020) (dismissing with prejudice plaintiff's breach of contract claim against a party with whom it was undisputed the plaintiff did not have a contract).

## VI. CONCLUSION

The Other Plaintiffs did not purchase an insurance policy from Zurich and, therefore, clearly cannot state a claim against Zurich. Accordingly, the Other Plaintiffs' declaratory judgment and unjust enrichment claims against Zurich should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

This 8th day of September, 2020

Respectfully submitted,

Attorneys for Defendant Zurich American Insurance Company

By: /s/Jared K. Clapper

Eileen King Bower
Jared K. Clapper
CLYDE & CO US LLP
55 West Monroe, Suite 3000
Chicago, IL 60603
T: (312) 635-7000
F: (312) 635-6950
E: eileen.bower@clydeco.us
E: jared.clapper@clydeco.us

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 8, 2020, a copy of foregoing Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

By: <u>/s/Jared K. Clapper</u>

9