**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC., et al., </br></br> Plaintiffs, </br></br> v. </br></br> EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al., </br></br> Defendants. | Case No. 1:20-cv-5140 </br></br> Hon. Robert M. Dow, Jr. </br> Hon. Magistrate Sheila M. Finnegan </br></br> Removed from Circuit Court of Cook County </br> Case No. 2020-L-8099 |

**DEFENDANT EMPLOYERS INSURANCE COMPANY OF WAUSAU'S MOTION TO SEVER**

Defendant, Employers Insurance Company of Wausau ("Employers"), by and through its attorneys, hereby moves this Court pursuant to Federal Rule of Civil Procedure 21 to sever the claims between it and its insured, Lettuce Entertain You Enterprises, Inc. ("Lettuce Entertain You") because it has been improperly joined. In support of its motion, Employers states as follows:

**Introduction**

This is a novel case. Not, however, because it relates to orders issued to slow the spread of SARS-CoV-2 and COVID-19, and claims by insureds for coverage for business income losses, even though their properties were never physically damaged as required for coverage. It is novel because Plaintiffs' counsel has improperly chosen to file a lawsuit by 42 separate and unrelated insureds against 19 separate insurance companies – in a single action originally filed in state court – involving separate and

unrelated alleged losses and separate and unrelated insurance policies.[1] The case involves over 700 separate locations, in 38 states, as well as in British Columbia. Each of the plaintiff insureds, however, was insured only by a single insurance company. Employers's only insured is Lettuce Entertain You Enterprises, Inc. ("Lettuce Entertain You"). Buried within this Complaint, as the "Twenty Sixth Cause of Action" is the breach of contract action by Lettuce Entertain You against Employers. Nowhere in the Complaint are there any allegations that Employers insured any other Plaintiff. Nowhere in the Complaint are there any allegations that Lettuce Entertain You was insured by any other defendant.

Why, then, did counsel for Plaintiffs improperly combine all of these separate insureds, separate insurers, and their separate insurance policies in a single action in state court? One reason, and only one reason. Plaintiffs' counsel wants to prevent those insurers who have complete diversity with their respective insureds from exercising their statutory right to remove the claims brought against them to federal court. To attempt to achieve this goal, Plaintiffs improperly combine all of the insureds and their insurers in a single action.

Counsel's joinder is improper. Each of the insureds have their own policy, with their own insurance company. Each of the insureds have their own restaurants or

---

[1] On August 4, 2020, a few days after filing this suit, counsel for Plaintiffs filed a similar suit in state court in New York: *Abruzzo Docg, Inc., et al. v. Acceptance Indemnity Insurance Company, et al.*, No.514089/2020 (Supreme Court of New York, Kings County). Counsel's original complaint improperly joined 45 plaintiff insureds and 25 defendant insurers. On August 25, 2020, Counsel filed a 239-page, 984 paragraph Amended Complaint, which now includes 94 plaintiff insureds and 41 defendant insurers, including 7 insurers who are citizens of New York. On September 4, 2020, the case was removed to the United States District Court for the Eastern District of New York, Case No. 20-cv-04160.

museums, and their own alleged losses. The claims by each of these insureds against their own insurance companies did not arise out of the same transaction and, therefore, under Federal Rule 20(a)(2), joinder is not warranted.[2] The facts of each Plaintiff's claims are distinct, as evidenced by the numerous factual allegations of Plaintiffs' Complaint relating to each individual Plaintiff's business and alleged losses. These individual facts must be analyzed in light of the terms of each individual and separate insurance policy in order to evaluate each Plaintiff's claims.

The Judicial Panel on Multidistrict Litigation recently denied requests of multiple insureds to consolidate separate federal COVID-19 insurance cases into a single, industry-wide MDL involving numerous insurers.[3] Counsel for Plaintiffs apparently wants to create their own "MDL" in Chicago, as well as one in New York, involving all of their separate clients in each of these regions. This they cannot do.

Lettuce Entertain You only has an arguable right to relief under the insurance policy issued to it by Employers. Lettuce Entertain You and the other plaintiffs do not seek relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Thus, pursuant to Fed. R. Civ. P. 20(a)(2), the joinder of

---

[2] *See Estee Lauder Cosmetics, Ltd. v. Partnerships and Unincorporated Associations*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) (Chang, E.) (the Court, *sua sponte*, found that the joinder of 79 defendants was improper: ". . . it is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases.")

[3] *In Re: Covid-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942 (August 12, 2020 Order, Dkt. # 772) (the Panel explained that the purported common questions "share only a superficial commonality", and that "these cases involve different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different industries located in different states. These differences overwhelm any common factual questions.")

Employers with all other defendants in this action is improper.  For the same reasons, the joinder of Lettuce Entertain You with all other plaintiffs in this action is improper.  In light of the impropriety of the joinder of both plaintiffs and defendants in this action, the Court should (1) sever the action such that each insured's claim against its insurer is a separate action and (2) consider the existence of subject matter jurisdiction as to each separate action.

District Court judges in the Eastern District of Pennsylvania have severed, *sua sponte*, improperly joined parties and claims in similar cases with far less egregious circumstances.[4]

### Factual Background

On July 30, 2020, Plaintiffs filed their Complaint in the Circuit Court of Cook County, Illinois.  (See DE # 1-1, Plaintiffs' Complaint, incorporated herein by reference, referred to herein as the "Complaint".)

The Complaint alleges that Employers issued an insurance policy to Lettuce Entertain You.  Complaint at ¶101.  There are no allegations that Lettuce Entertain You was insured by any other Defendant.  There are no allegations that Employers insured any other Plaintiff.  The insurance policy issued by Employers to Lettuce Entertain You is separate and distinct from every other insurance policy alleged in the Complaint.  See generally, *Id.* at ¶¶543-548.

---

[4] *See, e.g., Chattanooga Professional Baseball, LLC d/b/a Chattanooga Lookouts, et al. v. Philadelphia Indemnity Insurance Co., et al.*, No. 20-cv-03032 (E.D. Pa. June 25, 2020 Order, DE # 3) (Judge *sua sponte* severed the Covid-19 business income claims of each plaintiff, where 15 plaintiffs in 11 states brought a single lawsuit against 5 insurers involving different contracts of insurance); *Ultimate Hearing Solutions et al. v. Hartford Underwriters Ins. Co.,* No. 20-2401 (E.D. Pa. July 8, 2020 Order, DE # 3) (Judge *sua sponte* severed Covid-19 business income claims brought by two groups of plaintiffs against two separate insurance companies).

4

The Plaintiffs are a "broad and diverse group of restaurants and cultural institutions", that include "national outfits with hundreds of locations," "single location, family run neighborhood restaurants and bars," "independently owned fine dining establishments," and "fast-casual franchises." *Id.* at ¶¶1-2. The Complaint alleges that Plaintiffs are separate entities that are not related to one another. *Id.* at ¶¶19-60. The Complaint involves, in total, 42 separate insureds with over 700 separate locations, in 38 states, as well as in British Columbia.[5]

The Defendants are 19 separate insurance companies. *Id.* at ¶¶61-76. Each plaintiff purchased a separate insurance policy issued by only one defendant insurer. *Id.* at ¶¶101, 111, 127, 135, 164, 172, 181, 199, 207, 216, 224, 234, 244, 255, 263, 271, 280, 288, 295, 303, 312, 322, 330, 338, 346, 349, 360, 368, 376, 384, 390. The Complaint includes claims for declaratory judgment and unjust enrichment (the First and Forty Fourth counts) that are broadly styled to be brought by "All Plaintiffs Against All Defendants." The Second through Forty Third counts are individual actions for breach of contract, with each of these causes of action being brought by a single Plaintiff against its respective single insurance company.

## Argument

### A. Legal Standard

Parties are properly joined where: (1) they assert claims or claims are asserted against them "arising out of the same transaction, occurrence, or series of transactions

---

[5] Plaintiffs' Complaint has an attached 45-page Exhibit A. (See DE #55-2.) Exhibit A is a chart that lists, for each plaintiff, their business or location name, city and state of their locations, policy number, and insurer. There are 627 separate locations. Of the 627 locations, for 83 there is the notation "multiple locations". Accordingly, there are at least 710 separate locations involved in this case and, as reflected in Exhibit A, they are in 38 states and in British Columbia, Canada.

or occurrences," and (2) "any question of law or fact common to all" plaintiffs or defendants will arise in the action. Fed. R. Civ. P. 20. These two elements are sometimes referred to as the "factual commonality" and "transactional relatedness" requirements for proper joinder. If either element is not present, joinder is not permitted. *DirecTV, Inc. v. Delaney*, No. 03 C 3444, 2003 WL 24232530, at *4 (N.D. Ill. Nov. 20, 2003).

Plaintiffs bear the burden of demonstrating that joinder is proper. *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associates Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). In determining whether the requirements of Rule 20 are met, courts are not required to accept conclusory or speculative statements that do not qualify as assertions of fact. *Id.* at 185-88 (allegations that the defendants were an "interrelated group of counterfeiters acting in concert" that sold products "in the same transaction, occurrence, or series of transactions or occurrences" were irrelevant to whether joinder was proper because the allegations were conclusions rather than facts.)

Even if a Plaintiff is able to satisfy the requirements for Rule 20(a) for permissive joinder, "the court has discretion to sever a party at any time if doing so will increase judicial economy and avoid prejudice to the litigants." *Robinson v. Dart*, 2014 WL 222711, *3 (N.D. Ill. 2014); see also *Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000).

### B. Lettuce Entertain You's claims against Employers should be severed because it does not meet the transactional relatedness requirement for proper joinder.

Lettuce Entertain You's claims against Employers should be severed because they do not arise out of the same transaction or occurrence as the other 41 Plaintiffs' claims against their respective insurance companies.

6

Lettuce Entertain You is the only Plaintiff that was issued an insurance policy by Employers. Employers did not issue an insurance policy to any of the other 41 Plaintiffs. Each insurance policy identified in the Complaint was issued by one of the 19 defendant insurance companies to a different single Plaintiff-insured. Each insurance policy is its own contract, requiring payment of a separate premium and subject to its own terms, conditions, and exclusions. Plaintiffs allege no relationship among the various Plaintiffs with respect to the businesses they operate. There is simply no transaction or occurrence here that is common to any of the Plaintiffs.

A "mega-lawsuit" involving numerous plaintiffs and unrelated defendants requiring the evaluation of multiple different contracts specific to only certain parties should be severed. See *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, *1-3 (S.D. Ill. Mar. 8, 2002). In *Nelson*, 21 individual shareholders filed a single complaint against 24 investment advisors and 24 mutual fund distributors seeking to recover fees paid by multiple mutual funds under their separate contracts with each investment advisor. *Id.* at *1. The district court evaluated multiple motions to sever, explaining that the plaintiffs' claims were "based upon contracts specific to that pair and no other." *Id.* at *2-3. Each contract and the duties imposed upon the parties to that contract "must be analyzed separately." *Id.* The court explained that the fact that all of the plaintiffs' claims against all of the defendants were pled under the same legal theory did not mean that the claims arose out of the same transaction or occurrence or that there were common issues of law or fact. Accordingly, the court found "no basis" for joining all of the claims by all plaintiffs against all defendants in one "mega-lawsuit" and severed the claims. *Id.*

In *Sieron v. Hanover Fire & Cas. Ins. Co.*, a fire destroyed several plaintiffs' homes and each individual plaintiff had obtained insurance from the same defendant insurer. 485 F.Supp.2d 954, 956 (S.D. Ill. 2007). Plaintiffs brought suit in one action against the one insurer, asserting breach of contract related to their insurance policies. *Id.* The court severed the claims, finding that even though the same insurer had issued an insurance policy to each Plaintiff, the claims did "not arise out of the same transaction, occurrence, or series of transactions or occurrences" because the plaintiffs maintained "breaches of five separate contracts executed by separate individuals at separate times." *Id.*

The Seventh Circuit also has "urged district courts and defendants to beware of scattershot pleading strategies, warning specifically against omnibus complaints … that raise claims about unrelated conduct against unrelated defendants." *Estee Lauder*, 334 F.R.D. at 186, quoting *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018). In *Estee Lauder*, two cosmetic companies brought a trademark infringement lawsuit against 79 retailers alleging selling similar counterfeit versions of the plaintiffs' products. 334 F.R.D. at 186. The court severed the claims, explaining that when "defendants are not connected to one another, there is no evidentiary overlap in proving what one defendant did and what another did. Or, when viewed from the defense perspective, there is nothing that one defendant could advance in defending a case that would be dependent on an unrelated codefendant." *Id.* at 187. In addition, merely alleging Defendants sell similar products does not mean that claims arise out of the same transaction or occurrence. See *Rudd v. Lux Products Corp.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) (granting motion to sever claims against manufacturers of "nearly identical" thermostats because

8

"[s]imply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.")

In this case, Plaintiffs' Complaint is precisely the type of "scattershot pleading" contemplated by the Seventh Circuit that prompted the warning it gave to district courts in *Mitchell, supra*. Plaintiffs' Complaint improperly joins claims by 42 unrelated business against 19 different insurance companies, based upon the individual and separate insurance policies issued to each individual and separate Plaintiff. Each of these individual contracts of insurance should be analyzed separately, rendering the joinder of these claims improper. See *Sieron*, supra. Accordingly, this Court should sever the claims of each individual Plaintiff into a separate action against its respective individual insurance company Defendant.

### C. Lettuce Entertain You's claims against Employers should be severed because it does not meet the factual commonality requirement for proper joinder.

Lettuce Entertain You's claims against Employers should be severed because they do not have common questions of law or fact with the other 41 Plaintiffs' claims against their respective insurance companies.

Plaintiffs make certain allegations in an effort to create a common question of law or fact, where in reality, no such common questions exist. Plaintiffs allege that certain policy language ("direct physical loss of or damage to" insured property) is common to the policies at issue, although they do not expressly allege that each of the individual policies contains this precise language. See Complaint, ¶7.

The Judicial Panel on Multi-District Litigation ("JPML") recently denied the requests of multiple policyholders to consolidate separate federal coronavirus insurance cases into

a single MDL involving numerous insurers on the basis that the various claims shared "only a superficial commonality" and involved "different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different industries located in different states." *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. MDL 2942, 2020 WL 4670700, at *2 (U.S. Jud. Pan. Mult. Lit. Aug., 12, 2020). The JPML explained that while some policy language may be similar, "seemingly minor differences in policy language could have significant impact on the scope of coverage." *Id.*

Here, Plaintiffs' Complaint attempts to create its own MDL of sorts, but contains no explicit allegations that would create a common question of law or fact. Plaintiffs do not attach the policies or denial letters at issue or otherwise explain the basis for why each of the individual Plaintiffs' claims were denied. The improper joinder in this case would force this Court to evaluate different policy language and issues related to each of the 42 individual Plaintiffs' claims for breach of contract, perhaps even under the laws of numerous different states. Employers notes that Starr has filed a motion to transfer venue in which it argues that its policy has a New York choice of law clause. See DE # 7, Starr's Motion to Transfer Venue.

There is simply no factual commonality among the Plaintiffs' claims. Each Plaintiff has its own business at its own location(s) that were impacted in different ways. The mere fact that the Plaintiffs allege that their insurance claims and related claims for breach of contract are commonly affected by the coronavirus pandemic and the various state orders issued in response to the pandemic does not mean that their claims involve common issues of fact or law. Accordingly, this Court should sever the claims of each

10

individual Plaintiff against its respective individual insurance company Defendant because there is no proper basis for joinder under Rule 20.[6]

### D. This Court should sever Lettuce Entertain You's claims against Employers in the interests of judicial economy and avoidance of prejudice.

From a practical perspective, this Court should use its discretionary power under Rule 21 to sever the claims of each the individual Plaintiffs against its respective individual insurance company Defendant into separate actions to further the interests of judicial economy and to avoid prejudice to Employers and every other Defendant.

The sheer size and scope of issues in this lawsuit would create an enormous burden upon Employers and every Defendant throughout the course of motion practice, discovery, trial preparation, and even any actual trial. In *Estee Lauder*, the court noted that plaintiffs' "blunderbuss theory of joinder would require each … defendant to monitor the docket and the filings pertaining to dozens or hundreds of co-defendants". 334 F.R.D. at 187. The *Estee Lauder* court also specifically rejected the Plaintiffs' argument that the joinder of their claims against the various defendants would further judicial economy, stating that "presenting dozens or hundreds of defendants in one lawsuit actually undermines judicial economy, because this Court must evaluate the evidence submitted in support of liability and, eventually, damages." 334 F.R.D. at 189-90. See also *Nelson*, 2002 WL 442189, at *3 (severing "mega-lawsuit" into separate suits to "eliminate prejudice, avoid massive confusion, and to promote judicial efficiency and order").

---

[6] Even if Plaintiffs were able to show commonality, which they cannot, this would not be sufficient to avoid severing the action. Rule 20 requires that the plaintiffs prove both transactional relatedness and commonality to maintain the permissive joinder of parties.

11

Plaintiffs' improper joinder includes certain non-diverse claims by certain Illinois citizen Plaintiffs against their respective individual insurance companies who also happen to be Illinois citizens. This is nothing other than an attempt by Plaintiffs to deprive Employers and every other Defendant with an otherwise diverse claim brought against it from exercising its right to remove the claims against it to federal court. This Court should, therefore, sever each and every individual Plaintiff's claims against its individual insurance company Defendant into separate actions. Those newly severed actions that do not meet the requirements for federal diversity jurisdiction can then be remanded, if necessary. By utilizing this approach, the right of Employers and every other Defendant with an otherwise diverse claim by its respective insured to seek removal will be protected while not improperly extending this Court's diversity jurisdiction.

### E. This Court should sever the claims of each individual insured-Plaintiff against its respective insurer into separate lawsuits and then remand any such lawsuit that does not meet the appropriate requirements for federal jurisdiction.

Plaintiffs are separate insureds, who have separate insurance policies with their respective insurers. Each policy has its own terms, conditions, and exclusions – they are not all alike. The Judicial Panel on Multidistrict Litigation recognized this fact when it denied the requests of a multitude of insureds to consolidate all of their federal cases into an industry-wide MDL. (See discussion above.) The two federal judges in the Eastern District of Pennsylvania recognized this fact when they, on their own, severed cases before them. (See discussion above.) Each of the 42 insureds also has its own restaurant(s) or museum, and separate alleged losses. Further, there are over 700 locations involved in this case, spanning 38 states and British Columbia.

12

The manner in which Plaintiffs improperly joined their claims against their respective individual defendant insurers in one lawsuit is an obvious attempt to extinguish the rights of many of the defendant insurers to remove the otherwise diverse claims brought against them to federal court. The most equitable solution to the problems created by Plaintiffs' improper pleading is to sever the individual Plaintiff claims into separate actions, with each Plaintiff having its own action against its respective defendant insurer. The court may then remand any newly severed lawsuits that do not meet the requirements for this Court's diversity jurisdiction. This approach will preserve the rights of those defendants who could have otherwise removed the claims brought against them while not overextending the Court's limited jurisdiction.

## **Conclusion**

Employers moves this Court to sever the claims brought against it by Plaintiff, Lettuce Entertain You, into a separate lawsuit. There is no proper joinder of the other Plaintiffs and Defendants to the claims by Lettuce Entertain You against Employers. The various Plaintiffs' claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. There is no common question of law or fact among the various Plaintiffs' claims because each claim involves a separate and distinct insurance policy issued to each separate and distinct Plaintiff business. Severing the claims will promote judicial economy and avoid the serious prejudice that Employers would face if it is deprived of its right to remove the claims brought against it by Lettuce Entertain You due to the improper joinder of other claims and parties in Plaintiffs' Complaint. This Court should sever the claims of each individual Plaintiff into separate actions and then remand only those newly severed actions that do not meet this Court's jurisdictional requirements.

WHEREFORE, Defendant, Employers Insurance Company of Wausau, respectfully requests that this Court enter an order severing the claims brought against it by Plaintiff, Lettuce Entertain You Enterprises, Inc. into a separate lawsuit and for such other relief as this Court may deems fair and equitable under the circumstances.

Dated: September 14, 2020  /s/ K. Clark Schirle
By: K. Clark Schirle (ARDC No. 6199270)
*cschirle@butler.legal*
Jonathan K. Barger (ARCD No. 6277079)
*jbarger@butler.legal*
BUTLER WEIHMULLER KATZ CRAIG LLP
115 S. LaSalle Street, Suite 3200
Chicago, Illinois 60603
(312) 462-9200
*Attorneys for Employers Insurance Company of Wausau*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 14, 2020, a copy of foregoing **DEFENDANT EMPLOYERS INSURANCE COMPANY OF WAUSAU'S MOTOIN TO SEVER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF system.

                          Butler Weihmuller Katz Craig LLP

                          By:   */s/ K. Clark Schirle*
                                  Attorneys for Defendant, *Employers Insurance Company of Wausau*

K. Clark Schirle
Jonathan K. Barger
BUTLER WEIHMULLER KATZ CRAIG LLP
115 S. LaSalle Street, Suite 3200
Chicago, Illinois 60603
(312) 462-9200
*cschirle@butler.legal*
*jbarger@butler.legal*