## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC, et al., | Case No. 1:20-cv-05140 |
| *Plaintiffs,* | Honorable Robert M. Dow Jr. |
| *vs.* | |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al., | Removed from the Circuit Court of Cook County Case No. 2020 L 8099 |
| *Defendants.* | |

## <u>PLAINTIFFS' MOTION TO REMAND</u>

John H. Mathias Jr.
David M. Kroeger
Gabriel K. Gillett
Megan B. Poetzel
Precious S. Jacobs
Joshua M. Levin
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: 312-923-2917
Email: jmathias@jenner.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ..................................................... 4

ARGUMENT ............................................................................................................. 5

I.     THIS ACTION MUST BE REMANDED FOR LACK OF JURISDICTION BECAUSE THE ACTION DOES NOT SATISFY THE REQUIREMENT OF COMPLETE DIVERSITY AND VIOLATES THE FORUM-DEFENDANT RULE. ................................................................................................................. 5

II.    DEFENDANTS' ATTEMPTS TO CIRCUMVENT THE COMPLETE DIVERSITY REQUIREMENT AND REMOVAL STATUTE FAIL. ............................ 6

    A.    Fraudulent Joinder Is Inapplicable. ......................................................... 7

    B.    Fraudulent Misjoinder Is Not A Recognized Doctrine In This Circuit And Is Inapplicable To This Case ................................................................. 11

    C.    The Court Cannot Grant Severance Under Rule 21 Because The Court Does Not Have Jurisdiction, Nor Would Severance Be Warranted. ................... 17

CONCLUSION ........................................................................................................ 22

# TABLE OF AUTHORITIES

Page(s)

CASES

*A. Kraus & Son v. Benjamin Moore & Co.*,
    2006 WL 1582193 (E.D.N.Y. June 7, 2006) ..........................................................................12

*Alegre v. Aguayo*,
    2007 WL 141891 (N.D. Ill. Jan. 17, 2007) .............................................................................12

*Anderson v. Bayer*,
    2010 WL 148633 (S.D. Ill. Jan. 13, 2010)..............................................................................12

*Anglin v. Bristol-Myers Squibb Co.*,
    2012 WL 1268143 (S.D. Ill. Apr. 13, 2012)............................................................................12

*Aranda v. Walgreen Co.*,
    2011 WL 3793648 (S.D. Ill. Aug. 24, 2011) ..........................................................................12

*Asher v. Minn. Mining & Mfg. Co.*,
    2005 WL 1593941 (E.D. Ky. June 30, 2005) ..........................................................................12

*Bavone v. Eli Lilly & Co.*,
    2006 WL 1096280 (S.D. Ill. Apr. 25, 2006)............................................................................12

*Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*,
    350 F.3d 691 (7th Cir. 2003) ...................................................................................................6

*In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*,
    2016 WL 3901366 (N.D. Ind. July 18, 2016)...................................................................18, 21

*Bird v. Carteret Mortg. Corp.*,
    2007 WL 43551 (S.D. Ohio Jan. 5, 2007) ..............................................................................12

*Boyd v. Phoenix Funding Corp.*,
    366 F.3d 524 (7th Cir. 2004) ....................................................................................................5

*Boyer v. Bristol-Myers Squibb Co.*,
    2012 WL 1253177 (S.D. Ill. Apr. 13, 2012)............................................................................12

*Brown v. Bayer Corp.*,
    2009 WL 3152881 (S.D. Ill. Sept. 28, 2009)............................................................................9

*Brown v. BNSF Railway Co.*,
    2018 WL 6204996 (Cir. Ct. Cook Cnty. July 27, 2018)..........................................................17

*Brown v. Endo Pharms., Inc.*,
   38 F. Supp. 3d 1312 (S.D. Ala. 2014)................................................................................18

*Chattanooga Pro. Baseball LLC v. Philadelphia Indem. Ins. Co.*,
   No. 20-3032, (E.D. Pa. June 25, 2020), Dkt. No. 3 ............................................................20

*Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*,
   2017 WL 4423409 (N.D. Ill. Oct. 4, 2017)..........................................................................7

*Creighton v. Bristol-Myers Squibb & Co.*,
   2013 WL 12333214 (N.D. Ill. May 10, 2013) ..............................................................12, 13

*Davidson v. Bristol-Myers Squibb Co.*,
   2012 WL 1253165 (S.D. Ill. Apr. 13, 2012).......................................................................12

*Doe v. Allied–Signal, Inc.*,
   985 F.2d 908 (7th Cir. 1993) ................................................................................................5

*Douthit v. Janssen Rsch. & Dev., LLC*,
   2017 WL 2492661 (S.D. Ill. June 9, 2017).........................................................................12

*Evans v. Bristol-Myers Squibb Co.*,
   2012 WL 4956460 (N.D. Ill. Oct. 16, 2012)........................................................................12

*Feeley v. Bayer Corp.*,
   2019 WL 4261545 (S.D. Ill. Sept. 9, 2019) ........................................................................12

*In re Fosamax Prod. Liab. Litig.*,
   2008 WL 2940560 (S.D.N.Y. July 29, 2008) ................................................................14, 17

*Garbie v. DaimlerChrysler Corp.*,
   211 F.3d 407 (7th Cir. 2000) ...........................................................................2, 4, 9, 10, 13

*Geffen v. Gen. Elec. Co.*,
   575 F. Supp. 2d 865 (N.D. Ohio 2008)................................................................................12

*Gottlieb v. Westin Hotel Co.*,
   990 F.2d 323 (7th Cir. 1993) ..........................................................................................7, 11

*Green Tree Servicing, LLC v. Williams*,
   2014 WL 2865905 (N.D. Ill. June 24, 2014) ........................................................................6

*Hamilton v. United Airlines, Inc.*,
   960 F. Supp. 2d 776 (N.D. Ill. 2012) ...................................................................................5

*Hampton v. Insys Therapeutics, Inc.*,
   319 F. Supp. 3d 1204 (D. Nev. 2018).................................................................12, 13, 14, 19

*Hart v. FedEx Ground Package Sys. Inc.*,
    457 F.3d 675 (7th Cir. 2006) ................................................5

*Hayes-Murphy v. Gonzalez*,
    2012 WL 6590500 (N.D. Ill. Dec. 18, 2012) ..........................6

*Hines v. Bank of Am. Corp.*,
    2004 WL 439997 (N.D. Miss. Feb. 12, 2004) ..........................8

*Lincoln Prop. Co. v. Roche*,
    546 U.S. 81 (2005).........................................................5, 6, 17

*Livingston v. Hoffmann-La Roche, Inc.*,
    2009 WL 2448804 (N.D. Ill. Aug. 6, 2009) ...............11, 12, 20

*Metro-Goldwyn-Mayer, Inc. v. Antioch Theatre Co.*,
    52 Ill. App. 3d 122 (1st Dist. 1977) ................................14, 15

*Midland Mgmt. Co. v. Am. Alternative Ins. Corp*,
    132 F. Supp. 3d 1014 (N.D. Ill. 2015) ................................10

*Moore v. Mobil Oil Corp.*,
    904 F. Supp. 587 (E.D. Tex. 1995) ......................................12

*Nauheim v. Interpublic Group of Companies, Inc.*,
    2003 WL 1888843 (N.D. Ill. Apr. 16, 2003) ..........................5

*Osborn v. Metro. Life Ins. Co.*,
    341 F. Supp. 2d 1123 (E.D. Cal. 2004)................................12

*Reeves v. Pfizer, Inc.*,
    880 F. Supp. 2d 926 (S.D. Ill. 2012)...................................12

*Ross v. Life Inv'rs Co. of Am.*,
    309 F. Supp. 2d 842 (S.D. Miss. 2004).................................14

*Rutherford v. Merck & Co.*,
    428 F. Supp. 2d 842 (S.D. Ill. 2006)...................3, 7, 12, 13

*Sabo v. Dennis Techs.*,
    LLC, 2007 WL 1958591 (S.D. Ill. July 2, 2007).....................12

*Schulke v. Stryker Orthopaedics*,
    2016 WL 3059114 (N.D. Ill. May 31, 2016) .........................20, 21

*Schur v. L.A. Weight Loss Ctrs., Inc.*,
    577 F.3d 752 (7th Cir. 2009) ..........................................7, 10

iv

*Schwartz v. State Farm Mut. Auto Ins. Co.*,
174 F.3d 875 (7th Cir. 1999) ........................................................................10

*Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of America*,
2014 WL 7004033 (S.D. N.Y. Dec. 11, 2014) ...............................................18

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)..........................................................................................18

*Stranen v. Struble*,
2013 WL 209050 (N.D. Ind. Jan. 17, 2013) ....................................................7

*Sweeney v. Sherwin Williams Co.*,
304 F. Supp. 2d 868 (S.D. Miss. 2004)...........................................................19

*Tapscott v. MS Dealer Serv. Corp.*,
77 F.3d 1353 (11th Cir. 1996) ............................................................11, 12, 14

*In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proc.*,
164 F. Supp. 3d 1040, 1050 (N.D. Ill. 2016) ...................................................11

*Tobais v. Merck Sharpe & Dohme Corp.*,
2012 WL 293511 (S.D. Ill. Jan. 31, 2012).......................................................12

*Ultimate Hearing Sols. v. Hartford Underwriters Ins. Co.*,
No. 20-2401 (E.D. Pa. July 8, 2020), Dkt. No. 3 .............................................20

*Veugeler v. General Motors Corp.*,
1997 WL 160749 (N.D. Ill. April 2, 1997).......................................................10

*Wilson v. The Master's Miracle, Inc.*,
2006 WL 163020 (N.D. Ill. Jan. 19, 2006) ........................................................5

*Wilson v. Pfizer, Inc.*,
2012 WL 1036824 (S.D. Ill. Mar. 27, 2012) ..............................................12, 14

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prod. Liab. Litig.*,
779 F. Supp. 2d 846 (S.D. Ill. 2011)...................................................................8

*In re Yasmin*,
779 F. Supp. 2d at 847–48 ................................................................................12

*Young v. Arms*,
2001 WL 34136070 (Cir. Ct. Cook Cnty. Jan. 17, 2001)................................15

**STATUTES AND RULES**

735 ILCS 5/2-404 ...................................................................................................1, 14

v

28 U.S.C. §§ 1332(a) .................................................................................................19

28 U.S.C. § 1332(a)(1) ................................................................................................5

28 U.S.C. § 1441(b)(2) ...........................................................................................6, 7

28 U.S.C. § 1446(b)(2)(A) ..........................................................................................7

28 U.S.C. § 1447(c) ....................................................................................................3

Fed. R. Civ. P. 21 ...............................................................................3, 17, 18, 20, 21

Fed. R. Civ. P. 82 .....................................................................................................19

## INTRODUCTION

Plaintiffs filed a Complaint in the Circuit Court of Cook County, Illinois that raises a common legal question based on common facts and circumstances: whether Defendant Insurers must provide coverage under all-risk commercial property insurance policies ("Policies" or "Policy") for direct physical loss and/or damage caused by unprecedented executive orders that have so physically impaired and detrimentally altered Plaintiffs' restaurants and cultural institutions as to render them nonfunctional.

The commonality does not end there. Each Plaintiff paid for business interruption coverage, and was issued a Policy with industry-standard terms requiring direct physical loss of or damage to insured property to trigger such coverage. Expecting that their Policies would cover circumstances like the physical loss and damage caused by the executive orders, each Plaintiff submitted a claim for loss and damage suffered beginning in mid-March 2020, when the orders went into effect. And each Defendant Insurer denied coverage (or is expected to deny coverage) on the same ground—contending that Plaintiffs did not satisfy the physical loss or damage requirement. As masters of their own complaint, and based on the belief that this common question of law (among other common questions) could best be decided efficiently, uniformly, and quickly by a single state-court judge fully informed by arguments from all Defendant Insurers, Plaintiffs filed a single complaint in Cook County challenging those denials. Under state procedural rules, all parties were properly joined in that Complaint. *See* 735 ILCS 5/2-404; *id.* § 2-405.

On the face of Plaintiffs' well-pled Complaint, it is undisputed that there is not complete diversity in this case. This case includes claims by plaintiffs against defendants from the same state, and includes Illinois defendants that were sued in their home state. Under these circumstances, this Court lacks subject matter jurisdiction.

1

Nevertheless, certain Defendants have removed this case to federal court or consented to such removal. They offer three arguments to attempt to justify their removal and to request that the Court exercise jurisdiction over a case it is barred from hearing. Each argument fails.

First, Defendants claim fraudulent joinder bars Plaintiffs from suing Defendant Insurers in a single complaint. But that doctrine has no application here. Under Seventh Circuit precedent, the inquiry for fraudulent joinder is narrow: the doctrine is inapplicable where each nondiverse defendant has a viable claim asserted against it. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). It is undisputed that Plaintiffs meet this test. Every Defendant Insurer, diverse and nondiverse alike, faces a viable claim. An *actual* case of fraudulent joinder involves the very different situation—one in which a plaintiff or plaintiffs join a nondiverse defendant against whom there is no possible cause of action. So while Plaintiffs make much of the fact that every Defendant Insurer is not liable to every Plaintiff, that is of no consequence in a fraudulent joinder analysis. In a multi-plaintiff/multi-defendant case like this one, fraudulent joinder does not apply so long as every nondiverse defendant is allegedly liable to at least one plaintiff.

Second, Defendants ask the Court to *create* complete diversity by applying the widely discredited doctrine of fraudulent *mis*joinder. Put simply, they ask this Court to do what no other court in this Circuit has done—to scrutinize whether the nondiverse defendants have been properly joined under state procedural law, find they have not been properly joined and sever them, and then retain jurisdiction over a portion of the case in the forum where Defendants would prefer to litigate. The courts of this Circuit have uniformly rejected that approach because it would have federal courts overstep their jurisdictional bounds and is contrary to Seventh Circuit precedent. *See Garbie*, 211 F.3d at 410. But even if this Court were inclined to split with its sister courts and

2

adopt the repudiated doctrine for the first time, the concept of fraudulent misjoinder is inapplicable here because Plaintiffs' Complaint satisfies the liberal Illinois joinder requirements.

Third, 14 Defendants ask this Court to sever the diverse Plaintiffs' claims under Federal Rule of Civil Procedure 21 *before* taking up this motion to remand, thereby limiting any remand to state court to the claims brought against by the nondiverse Plaintiffs.[1] But just as with fraudulent misjoinder, Defendants' request puts the procedural cart before the jurisdictional horse: those Defendants ask this Court to *create* its own jurisdiction out of a case this Court has no authority to hear. Courts in this district and across the country have rejected similar requests time and again. And declining to sever makes particular sense here, where even under Defendants' preferred structure of the case, many parties will be forced to simultaneously litigate the same issues based on the same facts at the same time in both state and federal courts.

Whether labeled as fraudulent joinder, fraudulent misjoinder, or severance, Defendants' arguments suffer from the same fundamental flaw: they ask this Court to create jurisdiction by disregarding the well-pled Complaint's lack of complete diversity and jettisoning viable claims against nondiverse Defendant Insurers because Defendants would prefer to litigate them separately. But as many federal courts have recognized, the issue of "whether viable state-law claims have been misjoined—even egregiously—is a matter to be resolved by a state court." *E.g.*, *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006). This action must be remanded, in its entirety, to the Circuit Court of Cook County.[2]

---

[1] *See* Dkts. 19 (Citizens Insurance Company of America ("Citizens")); 67 (Zurich American Insurance Company); 85 (Affiliated FM Insurance Company); 103 (Badger Mutual Insurance Company); 104 (Society Insurance); 107 (The Cincinnati Insurance Company); 109 (Vigilant Insurance Company); 111 (Employers Insurance Company of Wausau ("Employers")); 112 (Ohio Security Insurance Company); 121 (Charter Oak Fire Insurance Company); 122 (Hartford Fire Insurance Company); 123 (Sentinel Insurance Company, Limited); 124 (Twin City Fire Insurance Company); 127 (SECURA Supreme Insurance Company). Plaintiffs have filed, simultaneously with their motion to remand, a separate brief in opposition to the motions to sever.

[2] Without conceding federal jurisdiction over this matter, Plaintiffs reserve the right to seek an order requiring that Defendants pay Plaintiffs' attorneys' fees and costs incurred as a result of Defendants' improper removal, 28 U.S.C.

## BACKGROUND AND PROCEDURAL HISTORY

On July 30, 2020, Plaintiffs—a group of restaurant and cultural institutions—filed a Complaint (Dkt. 1-1 ("Compl.")) against Defendant Insurers in the Circuit Court of Cook County, Illinois, alleging claims for declaratory relief, breach of contract, and unjust enrichment. Plaintiffs and Defendants are citizens of, among other places, Connecticut, Illinois, Massachusetts, Michigan, Missouri, New York, Ohio, and Texas.

Each Plaintiff purchased an all-risk insurance policy that it reasonably believed covered the physical loss or damage that resulted from executive orders that so detrimentally altered and physically impaired their premises as to render them nonfunctional. Each Plaintiff submitted a claim to its insurer for business interruption coverage. Each Plaintiff's claim was denied, or is reasonably anticipated will be denied, on the ground that it had not suffered physical loss or damage, as required by the policy.

On September 1, 2020, Defendant Starr Surplus Lines Insurance Company removed this action to this Court without the consent of a single other defendant. (Dkt. 1.) As of the filing of this Motion, fourteen other defendants have filed notices of consent to removal.[3] On September 3, 2020, Citizens filed a motion to sever (Dkt. 19), seeking to "sever each insured vs. insurer claim from every other" and asking the Court to "retain[] federal jurisdiction" over the claims that have complete diversity while remanding the claims that do not. (*Id.* at 2, 7.) To date, thirteen other Defendants have filed motions seeking similar relief or joining a pending motion to sever.[4]

---

§ 1447(c); *see Garbie*, 211 F.3d at 410–11 (affirming award of fees where removal was improper because plaintiffs had viable claims against a nondiverse defendant).

[3] *See* Dkts. 18 (Citizens); 26 (Charter Oak); 34 (Society); 69 (Hartford Fire); 70 (Sentinel); 71 (Twin City Fire); 84 (Affiliated FM); 95 (Badger Mutual); 98 (Employers); 99 (Ohio Security); 106 (Cincinnati); 108 (Vigilant); 118 (Secura); 129 (North American Elite Insurance Company).

[4] *See* Dkts. 67 (Zurich); 85 (Affiliated FM); 103 (Badger Mutual); 104 (Society); 107 (Cincinnati); 109 (Vigilant); 111 (Employers); 112 (Ohio Security); 121 (Charter Oak); 122 (Hartford); 123 (Sentinel); 124 (Twin City); 127 (Secura).

**ARGUMENT**

A defendant seeking removal bears the burden of showing that: (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). A federal court has subject matter jurisdiction where complete diversity of citizenship exists among all parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). "[A]ll doubts about federal jurisdiction are resolved in favor of remand to state court." *Wilson v. The Master's Miracle, Inc.*, 2006 WL 163020, at *1 (N.D. Ill. Jan. 19, 2006) (citation omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Because a motion to remand raises a threshold question—whether the court has jurisdiction to hear the case—motions to remand should be decided before any other procedural motion. *See Hamilton v. United Airlines, Inc.*, 960 F. Supp. 2d 776, 779 n.1 (N.D. Ill. 2012) ("Since Plaintiff's Motion to Remand requires us to determine whether we have subject matter jurisdiction to hear this case, we address it first."); *Nauheim v. Interpublic Group of Companies, Inc.*, 2003 WL 1888843, at *2 (N.D. Ill. Apr. 16, 2003) ("we address the motion to remand first because it undeniably effects Plaintiff's ability to draft the Complaint so as to choose the forum in which to litigate the matter.").

**I.      THIS ACTION MUST BE REMANDED FOR LACK OF JURISDICTION BECAUSE THE ACTION DOES NOT SATISFY THE REQUIREMENT OF COMPLETE DIVERSITY AND VIOLATES THE FORUM-DEFENDANT RULE.**

An action is removable on the basis of diversity jurisdiction *only* if there is "complete diversity between all named plaintiffs and all named defendants," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005), meaning that "no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). In addition, an action is

not removable if a defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2); *Lincoln*, 546 U.S. at 84. Thus, a single nondiverse defendant prevents a case from being removed and prohibits a federal court from exercising jurisdiction.

Here, the analysis is straightforward. This case lacks complete diversity and violates the forum-defendant rule. As alleged in Plaintiffs' Complaint, at least four Defendants are citizens of Illinois. (Compl. ¶¶ 62, 69, 75, 79.) And many Plaintiffs are citizens of Illinois.[5] (Compl. ¶¶ 19–32, 35–39, 41–47, 49–50, 52, 55–57, 60.) Defendants do not dispute this. (*See, e.g.*, Dkt. 26 at 4.) Because there is not complete diversity and because four Defendant Insurers are citizens of the forum state, the Court cannot exercise diversity jurisdiction and must remand. *See, e.g.*, *Hayes-Murphy v. Gonzalez*, 2012 WL 6590500, *1-2, *4 (N.D. Ill. Dec. 18, 2012) (remanding suit for lack of diversity jurisdiction where three diverse defendants sought removal but the plaintiff and one defendant were both citizens of Connecticut and thus complete diversity was lacking); *Green Tree Servicing, LLC v. Williams*, 2014 WL 2865905, *1, *5 (N.D. Ill. June 24, 2014) (remanding suit under forum-defendant rule because defendant was an Illinois resident).

## II. DEFENDANTS' ATTEMPTS TO CIRCUMVENT THE COMPLETE DIVERSITY REQUIREMENT AND REMOVAL STATUTE FAIL.

Recognizing that this case involves Plaintiffs and Defendants from the same state, Defendants urge the Court to blue-pencil Plaintiffs' Complaint and disregard nondiverse parties for purposes of removal and subject matter jurisdiction. In other words, Defendants implore this Court to *create* diversity jurisdiction through one of three procedural vehicles: (i) fraudulent

---

[5] For simplicity, Plaintiffs focus on the lack of complete diversity resulting from having both Plaintiffs and Defendants that are citizens of Illinois. But Plaintiffs do not concede that there is complete diversity independent of the Illinois parties, and expressly preserve such arguments. Indeed, under applicable rules for determining citizenship for purposes of federal diversity jurisdiction, Plaintiffs are citizens of Connecticut, Michigan, Massachusetts, Missouri, New York, Ohio, and Texas—where certain Defendants are also citizens. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

joinder, (ii) fraudulent misjoinder, or (iii) severance. Each is an improper attempt to skirt the restrictions on federal jurisdiction. The Court should reject them and remand.[6]

### A. Fraudulent Joinder Is Inapplicable.

Defendants contend that the lack of complete diversity is irrelevant because, in their view, Plaintiffs have fraudulently joined Defendants. (Dkt. 1 ¶ 6.)[7] But Defendants fail to establish a case of fraudulent joinder because it is *uncontested* that every one of the nondiverse Defendants have had viable claims pled against them.

Fraudulent joinder is a "difficult to establish" exception to the requirement of complete diversity, for which the defendant faces a "'heavy burden.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (citation omitted). Most importantly, the "scope of the Court's inquiry . . . is extremely narrow." *Rutherford*, 428 F. Supp. 2d at 847. A defendant can establish fraudulent joinder by showing "there has been outright fraud in plaintiff's pleading of jurisdictional facts" or that "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

Defendants do not argue *either* form of this doctrine applies here. They do not suggest that any facts were fraudulently pled. Nor do they deny that each Defendant—diverse and nondiverse alike—has had a viable claim pled against it by at least one Plaintiff. Instead, each removing

---

[6] Because Defendants have been properly joined in this suit, removal is defective for the additional reason that Defendants Argonaut Great Central Insurance Company, Illinois Casualty Company, Specialty Risk of America, and Zurich have not timely consented as required. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"); *See, e.g.*, *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, 2017 WL 4423409, at *1, *5 (N.D. Ill. Oct. 4, 2017) (remanding to state court based on the failure to timely join or obtain consent from all defendants for removal). Indeed, the home-state Defendants *cannot* validly consent under the removal statute. *See* 26 U.S.C. § 1441(b)(2) (barring removal by a defendant that is "a citizen of the State in which such action is brought."); *Stranen v. Struble*, 2013 WL 209050, *1, *2 (N.D. Ind. Jan. 17, 2013) (noting that a "home-state defendant" is "technically incorrect in requesting removal because '[t]he primary purpose behind removal in diversity cases is to allow an out-of-state defendant to avoid potential bias when appearing in the plaintiff's chosen forum.'" (citation omitted)).

[7] *See also, e.g.*, Dkts. 19 at 8; 26 at 3–5; 34 ¶¶ 11–13; 67 at 7; 69 ¶ 10; 70 ¶ 9; 71 ¶ 13; 84 ¶ 9; 95 ¶¶ 13–16; 98 ¶ 3; 99 ¶ 3; 106 ¶ 14; 107 ¶ 10; 108 ¶ 11; 109 ¶ 9; 121 ¶ 8.

Defendant argues that because the Plaintiff making a claim against it does not also have a claim against one of the nondiverse Defendants, the nondiverse Defendants were "fraudulently joined" and should be "disregarded" for purposes of determining diversity jurisdiction. (*See, e.g.*, Dkt. 1 ¶ 7; Dkt. 19 at 8; Dkt. 26 at 4-5; Dkt. 34 ¶ 13; Dkt. 67 at 6.) But that is not how the doctrine of fraudulent joinder works. Under well-established law, as long as there is *at least one* viable claim pled against a nondiverse defendant, then that claim (and respective set of parties) is not fraudulently joined. *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prod. Liab. Litig.*, 779 F. Supp. 2d 846, 848–49 (S.D. Ill. 2011). "[A]ll that is necessary to mandate remand . . . is the existence *of a single viable claim* . . . of a single [in-state] plaintiff against a single [in-state] defendant since this would destroy complete diversity[.]" *Hines v. Bank of Am. Corp.*, 2004 WL 439997, at *3 (N.D. Miss. Feb. 12, 2004).

The decision in *Yasmin* illustrates why fraudulent joinder is inapplicable here. In *Yasmin* (a multi-plaintiff, multi-defendant products-liability suit), the diverse defendants argued that the plaintiffs fraudulently joined a nondiverse distributor solely to destroy diversity. 779 F. Supp. 2d at 848. Like here, it was undisputed that several of the plaintiffs (known as "the California Plaintiffs") had brought valid claims against the nondiverse distributor. But the diverse defendants, like Defendants here, argued that because *other* plaintiffs did not have any valid claim against the distributor, fraudulent joinder should apply. *Id.* at 849. The court rejected this argument, explaining that "[b]ecause the California Plaintiffs have stated viable claims against [the distributor]," the court could not "*entirely* disregard [the distributor's] citizenship." *Id.* at 852. The court concluded: "the case as a whole is not removable because it still involves [at least] one California Plaintiff asserting a viable claim against … a California citizen. Therefore, the case does not pass the complete diversity test." *Id.*

8

Just as in *Yasmin*, a viable claim has been asserted against a Defendant Insurer that is a citizen of the same state as its Plaintiff-policyholder. Indeed, this case includes *multiple* Plaintiffs that have asserted viable claims against a Defendant Insurer that is a citizen of the same state as the Plaintiff, and multiple home-state Defendants. As a result, the Court cannot disregard the nondiverse Defendants under the doctrine of fraudulent joinder. Rather, the presence of properly joined nondiverse Defendants precludes diversity jurisdiction—because diversity is not complete—and requires remand of Plaintiffs' entire Complaint.

Defendants contend that, despite the presence of a viable claim against each Defendant, the joinder of parties is "fraudulent[]" because Plaintiffs have combined "unrelated parties and claims into a single lawsuit." (Dkt. 34 at 7; *see also* Dkt. 19 at 1.) Defendants' contention, in essence, is that the joinder is "fraudulent" because Plaintiffs' joinder of parties is not proper under the procedural rules of joinder. (*See, e.g.*, Dkt. 1 ¶ 6; Dkt. 19 at 8; Dkt. 26 at 3–5; Dkt. 34 ¶¶ 11–13.)

Here again, Defendants misunderstand how the fraudulent joinder doctrine works. "As controlling precedent makes clear, the doctrine of fraudulent joinder is concerned with whether a plaintiff can assert a viable [] claim against a non-diverse defendant, not with whether viable [] claims have been properly joined under state law." *Brown v. Bayer Corp.*, 2009 WL 3152881, at *3 (S.D. Ill. Sept. 28, 2009). Indeed, the Seventh Circuit has made clear that "[e]ven if the [nondiverse parties] were added to prevent removal, that is [the plaintiffs'] privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Garbie*, 211 F.3d at 410.

*Garbie* is particularly instructive. That case, like this one, involved an attempt to remove where the defendant asserted that the joinder of multiple *plaintiffs* in a single suit constituted fraudulent joinder notwithstanding that each nondiverse plaintiff had a viable claim. *Id.* at 409–

10. The Seventh Circuit flatly rejected defendant's attempted use of fraudulent joinder, calling it "unjustified under settled law," and affirmed an award of fees to the plaintiffs. *Id.* at 410–11 (noting that "[u]njustified removal complicates and extends litigation" and that when an "adversary wrongfully drags [parties] into a second judicial system the loser must expect to cover the incremental costs."). The Court explained: "Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims are real, that the parties not be nominal." *Id.* at 410. Like *Garbie*, Plaintiffs' Complaint includes "real" claims by Illinois Plaintiffs against Illinois Defendants. These nondiverse claims may not be "discard[ed]" in Defendants' quest to create complete diversity and litigate in the forum they prefer. *Id.*

Defendants do not cite a single case applying fraudulent joinder where there was a viable claim pled against the nondiverse defendant. Instead, they cite a litany of decisions that have no bearing on the circumstance presented here: multiple defendants facing viable claims from plaintiffs who are citizens of the same state as they are. For example, in *Schur*, (*see* Dkt. 19 at 8; Dkt. 26 at 4; Dkt. 34 ¶ 13), the Seventh Circuit held that fraudulent joinder was not applicable because there *was* a valid claim against the nondiverse defendants. 577 F.3d at 764, 766-67. In *Midland Mgmt. Co. v. Am. Alternative Ins. Corp*, (*see, e.g.*, Dkt. 19 at 8; Dkt. 106 ¶ 4), the court found fraudulent joinder where no cause of action had been asserted against the only nondiverse defendant. 132 F. Supp. 3d 1014, 1021 (N.D. Ill. 2015).[8] Also, in *Gottlieb v. Westin Hotel Co.*, the

---

[8] *See also* Mem. Op. & Order at 18, *Vandelay Hosp. Grp. LP v. The Cincinnati Ins. Co.*, No. 20-cv-1348, (N.D. Tex. Aug. 18, 2020), ECF No. 39 (finding fraudulent joinder where plaintiff policyholder sued diverse insurer and nondiverse broker against whom it had no claim); *Veugeler v. General Motors Corp.*, 1997 WL 160749, *1 (N.D. Ill. April 2, 1997) (holding that plaintiff could not state any viable claim against Morton, the only nondiverse defendant joined in the action); *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878-79 (7th Cir. 1999) (finding that, under Indiana law, joinder of an insurance company's individual employee was not proper because plaintiffs could not support a viable claim against that employee for bad faith denial of an insurance claim and, therefore, joinder did not destroy diversity jurisdiction).

Seventh Circuit noted that diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if joinder is fraudulent, but the district court remanded because joinder was proper; the only question was whether defendants could be sanctioned for their improper removal. 990 F.2d 323, 330 (7th Cir. 1993). And in *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proc.*, (*see* Dkt. 26 at 5; Dkt. 67 at 7), the court did not even reach the issue of fraudulent joinder because the case was dismissed for lack of personal jurisdiction. 164 F. Supp. 3d 1040, 1050 (N.D. Ill. 2016). Accordingly, those cases do not support finding fraudulent joinder here. This Court should decline to use that doctrine to disregard nondiverse Defendants against whom viable claims are alleged.

## B. Fraudulent Misjoinder Is Not A Recognized Doctrine In This Circuit And Is Inapplicable To This Case.

As an alternative to fraudulent joinder, Defendants attempt to create diversity jurisdiction by invoking the concept of fraudulent *mis*joinder (also known as procedural misjoinder)—a widely discredited and rejected doctrine which purports to allow a federal court that lacks subject matter jurisdiction to nevertheless sever nondiverse parties and retain jurisdiction over the remaining diverse parties. This doctrine should be rejected here as well.

### 1. The flawed doctrine of fraudulent misjoinder has been rejected by courts in this circuit and elsewhere.

Unlike the doctrine of fraudulent joinder, which focuses on whether a plaintiff has a viable claim against a nondiverse defendant, the "highly criticized and rejected" concept of fraudulent misjoinder focuses on whether the nondiverse defendant has been properly joined. *Livingston v. Hoffmann-La Roche, Inc.*, 2009 WL 2448804, at *8 (N.D. Ill. Aug. 6, 2009). The Eleventh Circuit created the doctrine nearly twenty-five years ago, in *Tapscott v. MS Dealer Serv. Corp.*, holding that the plaintiffs' attempt to join nondiverse defendants was so procedurally "egregious" as to be "fraudulent," and affirming the district court's decision to sever and remand the procedurally

11

misjoined nondiverse parties while retaining jurisdiction over the now-completely diverse portion of the action. 77 F.3d 1353, 1360 (11th Cir. 1996).

Over the course of more than two decades, fraudulent misjoinder has never been adopted by the Seventh Circuit. "[T]his doctrine has been highly criticized and rejected by other courts in the Northern District of Illinois and by courts in other districts of the Seventh Circuit." *Livingston*, 2009 WL 2448804, at \*8. And it has been rejected by every federal district court in Illinois that has ruled on it. *See Creighton v. Bristol-Myers Squibb & Co.*, 2013 WL 12333214, at \*3–4 (N.D. Ill. May 10, 2013) ("[N]umerous [] district courts in this Circuit have refused to apply the *Tapscott* fraudulent misjoinder doctrine. . . . Like our sister courts, this Court also declines to[.]").[9] The doctrine has also been broadly condemned by courts outside the Seventh Circuit. *See, e.g.*, *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1211 (D. Nev. 2018) (noting "the sheer volume of . . . case law rejecting the fraudulent misjoinder doctrine").[10]

Although the Seventh Circuit has not yet opined on fraudulent misjoinder expressly, the Court has plainly rejected the rationale underlying it. In *Garbie*, as discussed above, the Seventh Circuit held that § 1332 does not permit a defendant to "discard plaintiffs in order to make

---

[9] *See also Feeley v. Bayer Corp.*, 2019 WL 4261545, at \*4–5 (S.D. Ill. Sept. 9, 2019) (rejecting fraudulent misjoinder doctrine and remanding case); *Douthit v. Janssen Rsch. & Dev., LLC*, 2017 WL 2492661, at \*2 (S.D. Ill. June 9, 2017) (same); *Evans v. Bristol-Myers Squibb Co.*, 2012 WL 4956460, at \*2 (N.D. Ill. Oct. 16, 2012) (same); *Reeves v. Pfizer, Inc.*, 880 F. Supp. 2d 926, 928–29 (S.D. Ill. 2012) (same); *Davidson v. Bristol-Myers Squibb Co.*, 2012 WL 1253165, at \*4–5 (S.D. Ill. Apr. 13, 2012) (same); *Boyer v. Bristol-Myers Squibb Co.*, 2012 WL 1253177, at \*4–5 (S.D. Ill. Apr. 13, 2012) (same); *Anglin v. Bristol-Myers Squibb Co.*, 2012 WL 1268143, at \*4–5 (S.D. Ill. Apr. 13, 2012) (same); *Wilson v. Pfizer, Inc.*, 2012 WL 1036824, at \*2 (S.D. Ill. Mar. 27, 2012) (same); *Tobais v. Merck Sharpe & Dohme Corp.*, 2012 WL 293511, at \*2 (S.D. Ill. Jan. 31, 2012) (same); *Aranda v. Walgreen Co.*, 2011 WL 3793648, at \*2 (S.D. Ill. Aug. 24, 2011) (same); *In re Yasmin*, 779 F. Supp. 2d at 847–48 (same); *Anderson v. Bayer*, 2010 WL 148633, at \*6–7 (S.D. Ill. Jan. 13, 2010) (same); *Sabo v. Dennis Techs.*, LLC, 2007 WL 1958591, at \*8, \*12 (S.D. Ill. July 2, 2007); *Alegre v. Aguayo*, 2007 WL 141891, at \*5, \*7 (N.D. Ill. Jan. 17, 2007); *Bavone v. Eli Lilly & Co*., 2006 WL 1096280, at \*2–3, \*5 (S.D. Ill. Apr. 25, 2006) (same); *Rutherford*, 428 F. Supp. 2d at 851–52, 855 (same).

[10] *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 870–71 (N.D. Ohio 2008); *Bird v. Carteret Mortg. Corp.*, 2007 WL 43551, at \*5 (S.D. Ohio Jan. 5, 2007); *A. Kraus & Son v. Benjamin Moore & Co.*, 2006 WL 1582193, at \*5 (E.D.N.Y. June 7, 2006); *Asher v. Minn. Mining & Mfg. Co.*, 2005 WL 1593941, at \*5 (E.D. Ky. June 30, 2005); *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128 (E.D. Cal. 2004); *See Moore v. Mobil Oil Corp.*, 904 F. Supp. 587, 588 (E.D. Tex. 1995).

controversies removable" so long as the plaintiff has a "real" claim. 211 F.3d at 410. Yet fraudulent misjoinder requires courts to do exactly that. Consequently, district courts in the Seventh Circuit have consistently recognized that the doctrine of fraudulent misjoinder cannot be squared with *Garbie*, particularly its pronouncement that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Id.*; *see Creighton*, 2013 WL 12333214, at *3 ("Pointing to the reasoning in *Garbie*, numerous [] district courts in this Circuit have refused to apply the *Tapscott* fraudulent misjoinder doctrine.").

Put simply, "[t]he reasons against the doctrine are many and persuasive." *Hampton*, 319 F. Supp. 3d at 1211 (citation omitted). In refusing to apply the doctrine, courts have explained that fraudulent misjoinder is an "improper [judicial] expansion . . . of federal diversity jurisdiction," *Rutherford*, 428 F. Supp. 2d at 852, in that it requires a federal court to scrutinize "questions of joinder under state law" in order to *create* complete diversity by severing nondiverse defendants who face viable state law claims. *Hampton*, 319 F. Supp. 3d at 1211. Fraudulent misjoinder attempts to "increas[e] the jurisdiction of [the] federal courts beyond what the [removal statute] envision[s]" by "making cases removable that by § 1441's plain terms should not be." *Id.* at 1212 (citation omitted); *see also Rutherford*, 428 F. Supp. 2d at 851. In addition, the doctrine violates the basic tenet that "matters of state civil procedure have no bearing on whether federal subject matter jurisdiction exists in a given case." *Creighton*, 2013 WL 12333214, at *4. Finally, fraudulent misjoinder improperly "requires federal court action at a point when the court admittedly has no jurisdiction over the case." *Hampton*, 319 F. Supp. 3d at 1212. The doctrine "requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction." *Id.* For these reasons, among others, this Court should

reach the same conclusion, reject the doctrine of fraudulent misjoinder, and remand this action to state court.

## 2. Fraudulent misjoinder is inapplicable on the facts of this case.

Even if the Court were inclined to break with every other district court in this Circuit and be the first to accept the concept of fraudulent misjoinder, the doctrine is not applicable here. As the parties invoking federal jurisdiction, it is Defendants' burden to show fraudulent misjoinder. *See Wilson v. Pfizer, Inc.*, 2012 WL 1036824, at *1 (S.D. Ill. Mar. 27, 2012). But Defendants cannot meet that burden because all parties are properly joined.

The majority of those courts that have accepted fraudulent joinder "have held that state rather than federal joinder rules apply" to a federal court's analysis of whether joinder was proper in a removed case. *In re Fosamax Prod. Liab. Litig.*, No. 2008 WL 2940560, *4 (S.D.N.Y. July 29, 2008); *see also Ross v. Life Inv'rs Co. of Am.*, 309 F. Supp. 2d 842, 849 (S.D. Miss. 2004) (explaining that it is important to apply the state joinder rule and not Rule 20).

Defendants cannot show that nondiverse parties are misjoined under Illinois' permissive joinder rules, 735 ILCS 5/2-404; *id.* § 2-405, much less a misjoinder "so egregious" as to be "fraudulent." *Tapscott*, 77 F.3d at 1360. Under Illinois law, "[a]ll persons may join in one action as plaintiffs" if: (1) their right to relief is alleged to arise out of "the same transaction or series of transactions" and (2) "any common question of law or fact would arise." 735 ILCS 5/2-404. When joining multiple defendants, "[i]t is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included[.]" *See id.* § 2-405(b). The joinder statute "is to be construed liberally in favor of joinder of plaintiffs when possible." *Metro-Goldwyn-Mayer, Inc. v. Antioch Theatre Co.,* 52 Ill. App. 3d 122, 131 (1st Dist. 1977).

Plaintiffs' Complaint satisfies the Illinois joinder requirements. First, Plaintiffs' claims raise a common question of law based on common factual circumstances: whether the executive

shutdown orders caused direct physical loss of or damage to Plaintiffs' insured property within the meaning of that industry-standard term included in each Plaintiff's policy. *See Metro-Goldwyn-Mayer*, 52 Ill. App. 3d at 131 (finding joinder of multiple plaintiffs and multiple defendants proper where "[t]he similarity of the contracts and procedures used by each plaintiff [] in dealing with defendants presents questions of law applicable to all plaintiffs"). Second, Plaintiffs claims arise out of a common "series of transactions": the Defendant Insurers' sale of the same type of insurance coverage to Plaintiffs, as well their denial of that coverage based on an identical or nearly identical industry-standard term requiring direct physical loss or damage. *See Young v. Arms*, 2001 WL 34136070, at *20 (Cir. Ct. Cook Cnty. Jan. 17, 2001) (finding joinder of multiple plaintiffs proper in action where the transaction between each plaintiff-defendant pair is similar in nature and defendants had common practices). Under these well-established principles of joinder—and construing the statute liberally in favor of joinder—Defendants cannot meet their burden to show that any parties have been "egregiously" misjoined under Illinois law, even if the Court were to apply the doctrine of fraudulent misjoinder.

Defendants assert that "[t]here is no other reason to join these claims together other than to prevent the insurers from pursing their rights in federal court," (Dkt. 34 at 9), but this is demonstrably false. The purpose of the joinder of claims here is to effectuate efficient and cost-effective adjudication because each Plaintiff's claim against each Defendant Insurer presents a common question of law arising out of a common factual circumstance.

- Each Plaintiff purchased an all-risk insurance policy, from an insurer doing business in Illinois, that provided coverage for business interruption;

- Each Plaintiff sustained direct physical loss and/or damage as a result of the same circumstance: unprecedented executive orders that detrimentally altered and physically impaired Plaintiffs' properties and rendered them nonfunctional; and

- Each Defendant Insurer denied coverage (or is expected to deny coverage) by invoking industry-standard language contained in each of their Policies that requires direct physical loss or damage to insured property to trigger business interruption coverage.

Indeed, Defendant Insurers have elsewhere taken the position that the industry-standard physical loss or damage requirement of their policies is materially identical to that term in other insurers' policies. *See, e.g.*, Mem. in Support of Mot. to Dismiss at 9, *Derek Scott Williams PLLC v. The Cincinnati Ins. Co.*, No. 20-cv-2806 (N.D. Ill. Aug. 12, 2020), ECF No. 33 (contending that cases interpreting the "physical loss or damage" requirement in other insurer's policies "cannot be distinguished[.]"; Mem. in Support of Mot. to Dismiss at 7, *SA Hospitality Grp., LLC v. Hartford Fin. Grp., Inc.*, No. 20-cv-3258 (S.D.N.Y. July 9, 2020), ECF No. 34 (describing the physical loss or damage term in another insurer's policy as "substantially identical policy language").[11] Defendant insurers have also not contested joinder in other state-court cases where groups of plaintiffs joined together based on the similarity of their insurance policies. *See R Rest. Grp. LLC et al. v. Society Ins. Co.*, No. 2020-L-004464 (Cir. Ct. Cook Cnty., Apr. 21, 2020) (multiple plaintiffs with different policies joining together to sue insurer).[12]

In light of these commonalities, Plaintiffs—acting under Illinois' permissive joinder rules and acting as the "masters of their complaint"—properly elected to join together to sue Defendant Insurers in a single action. *Lincoln*, 546 U.S. at 94. Plaintiffs did so for the legitimate purposes of

---

[11] *See also, e.g.*, Mem. in Support of Mot. to Dismiss at 20, *Image Dental, LLC v. Citizens Ins. Co. of Am.*, No. 20-cv-2759 (N.D. Ill. Sep. 8, 2020), ECF No. 42; Mem. in Support of Mot. to Dismiss at 9–10, *Founder Inst. Inc. v. Sentinel*, No. 20-cv-04466 (N.D. Cal. Sep. 4, 2020), ECF No. 26; Mem. of Supp. Auth. at 4, *Big Onion Tavern Grp., LLC v. Society Ins., Inc.*, No. 20-cv-02005 (N.D. Ill. Aug. 21, 2020), ECF No. 120; Mem. in Support of Mot. to Dismiss at 26–27, *J.G. Optical, Inc. v. Charter Oak Fire Ins. Co.*, No. 20-cv-05744 (D.N.J. Aug. 18, 2020), ECF No. 14-1; Mem. in Support of Mot. to Dismiss at 9 & n.4, *Firenze Ventures, LLC v. Twin City Fire Ins. Co.*, No. 20-cv-4226 (N.D. Ill Aug. 7, 2020), ECF No. 16; Mem. in Support of Mot. to Dismiss at 11–12, *Downs Ford, Inc v. Zurich Am. Ins. Co.*, No. 20-cv-8595 (D.N.J July 17, 2020), ECF No. 4-6.

[12] *See also, e.g.*, *Lodge Mgmt. Corp. v. Society Ins.*, No. 2020-CH-04391 (Cir. Ct. Cook Cnty., June 1, 2020) (same); *Dental Experts LLC et al. v. Massachusetts Bay Ins.*, No. 2020-L-008365 (Cir. Ct. Cook Cnty., Aug. 7, 2020) (same); *Napleton Schaumburg Motors, Inc. v. Auto-Owners Ins.*, No. 2020-L-008488 (Cir. Ct. Cook Cnty., Aug. 12, 2020).

efficiency, judicial economy, cost savings, and to avoid duplicative litigation. *See Brown v. BNSF Railway Co.*, 2018 WL 6204996, *1, *8 (Cir. Ct. Cook Cnty. July 27, 2018) (rejecting severance where, "if the claims were severed, the ultimate result would be inconvenient and inefficient because the result would be two separate trials."). Accordingly, their claims have not been fraudulently misjoined.[13]

### C. The Court Cannot Grant Severance Under Rule 21 Because The Court Does Not Have Jurisdiction, Nor Would Severance Be Warranted.

Defendants assert a third procedural device through which they ask this Court to create complete diversity. They ask the Court to use Federal Rule of Civil Procedure 21 to "sever each Plaintiff's claim against each Defendant from every other claim in this action." (Dkt. 19 at 1; *see also* Dkt. 67 at 1; Dkt. 85 at 1; Dkt. 103 at 1; Dkt. 104 at 1; Dkt. 107 at 3; Dkt. 109 at 3; Dkt. 111 at 4, 12; Dkt. 112 at 1; Dkt. 121 at 1; Dkt. 122 at 1; Dkt. 123 at 1; Dkt. 124 at 1–2; Dkt. 127 at 3). Once the claims are severed, they argue this Court should "remand the non-diverse defendants" while retaining only the portion of Plaintiffs' current Complaint that is completely diverse. (Dkt. 34 at 9–10; *see also* Dkt. 19 at 2.) But Defendants' Rule 21 argument is merely fraudulent misjoinder by another name—an attempt to end-run the courts' rejection of fraudulent misjoinder in this Circuit while achieving the same result. Like fraudulent misjoinder, this strategy of seeking severance to *manufacture* complete diversity out of a removal action where it does not otherwise exist has been repeatedly rejected by the district courts of this Circuit. This Court should reject it as well.

---

[13] In those courts outside this Circuit that have adopted the procedural misjoinder doctrine, a minority have applied federal joinder rules to determine whether the parties were properly joined. *See In re Fosamax,* 2008 WL 2940560, at *4. As explained in Plaintiffs' Opposition to Defendants Motions to Sever (at 10-13), if this Court were to accept fraudulent misjoinder and then evaluate joinder under federal rules, all parties are properly joined and severance is inappropriate.

This Court cannot grant severance because, based on Plaintiffs' well-pled Complaint, the Court does not have jurisdiction over this case. Indeed, Defendants openly acknowledge that complete diversity is lacking. That is why Citizens states: "*Once* the constituent claims . . . are properly separated" then "*[a]t that point*, the Court and the parties can consider whether complete diversity exists for each constituent claim." (Dkt. 19 at 2, 7 (emphasis added).) But severance under Rule 21—like any action taken by a federal court—is not permissible if the court does not first have jurisdiction over the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." (internal quotation marks and citation omitted)). Therefore, courts have consistently rejected "using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Brown v. Endo Pharms., Inc.*, 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014) (collecting cases).

Nor can this Court use severance to *create* complete diversity. As district courts have repeatedly explained, the post-removal use of Rule 21 to sever nondiverse parties against whom viable claims are pled "would utterly eviscerate the concept of complete diversity," by allowing "federal court[s] [to] create subject matter jurisdiction from thin air . . . , essentially turning the requirement of complete diversity into one of minimal diversity." *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 2016 WL 3901366, at *7 (N.D. Ind. July 18, 2016); *see also Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of America*, 2014 WL 7004033, at *2 (S.D. N.Y. Dec. 11, 2014) ("Judicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction."). Moreover, interpreting Rule 21 to allow

jurisdiction over a case without complete diversity and removal by home-state defendants would "violates the Rule 82 prohibition on utilizing the Federal Rules of Civil Procedure to expand the jurisdiction of a federal court." *Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868, 874 (S.D. Miss. 2004); *see* Fed. R. Civ. P. 82 (These rules do not extend . . . the jurisdiction of the district courts."). Doing so would also conflict with federal statutes. *See* 28 U.S.C. §§ 1332(a) (diversity jurisdiction), 1441(b)(2) (removal), 2072(b) (Rules Enabling Act, barring courts from applying procedural rules to "abridge, enlarge or modify any substantive right").

At its heart, the request for severance fails for the same reason that courts have rejected the fraudulent misjoinder doctrine: both "rely[] on the same 'confounding circular logic' by which a removing defendant asks the court to act without jurisdiction as a means to create jurisdiction." *Hampton*, 319 F. Supp. 3d at 1214 (citation omitted) (noting defendants who seek severance of nondiverse parties after removal are attempting "an improper end-run around courts' rejection of the fraudulent misjoinder doctrine"). Defendants cannot use the Federal Rules to manipulate bedrock rules of jurisdiction and pleading to manufacture diversity jurisdiction and obtain their preferred forum.

Defendants do not cite a single decision where a court severed nondiverse parties to create complete diversity in a removal action where the plaintiff included viable claims against the nondiverse defendants in the original state-court complaint. Instead, they cite a number of decisions granting severance in cases that were not removed, but rather *originated* in federal court. For example, Defendants point to two unpublished orders from the Eastern District of Pennsylvania in actions involving business interruption insurance claims where the court severed

*sua sponte* each of the insurer-insured party pairs.[14] (*See, e.g.*, Dkt. 19 at 7; Dkt. 67 at 14; Dkt. 104 at 3; Dkt. 111 at 4 n.4.) But these cases have no relevance because they were not removal actions; they were cases originally filed in federal court. Thus, it was undisputed that the court already had jurisdiction at the time of severance, and the court there was not using severance as a mechanism to improperly create jurisdiction where it did not otherwise exist. Here, however, that is precisely what this Court would be doing if it severed claims in a case it had no jurisdiction to hear.

Even if the Court had jurisdiction over this action, severance still would not be warranted. Under Rule 21, the court may grant severance only "on just terms." Fed. R. Civ. P. 21. To the extent courts in the Seventh Circuit have not held Rule 21 categorically inapplicable to removal actions, they have still declined to exercise this discretionary severance power, finding that the "just terms" required for Rule 21 relief were not present. *See Schulke v. Stryker Orthopaedics*, 2016 WL 3059114, at *3–4 (N.D. Ill. May 31, 2016); *Livingston*, 2009 WL 2448804, at *7. Starting from the bedrock rule that the plaintiff is "the master of his complaint," courts in the Northern District have held that where, as in this case, the nondiverse defendants were "properly joined" prior to removal, the Rule 21 discretionary authority must be "'exercised sparingly,' with careful consideration for any prejudice severance may cause to parties to the litigation." *Schulke*, 2016 WL 3059114, at *3–4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989)).

Defendants cannot satisfy the "just terms" standard here. As explained above, each Plaintiff's claim against each Defendant Insurer presents a common question of law, based on industry-standard insurance policies that include operative language that is materially identical,

---

[14] *See* Order, *Chattanooga Pro. Baseball LLC v. Philadelphia Indem. Ins. Co.*, No. 20-3032, (E.D. Pa. June 25, 2020), Dkt. No. 3; Order, *Ultimate Hearing Sols. v. Hartford Underwriters Ins. Co.*, No. 20-2401, (E.D. Pa. July 8, 2020), Dkt. No. 3.

arising out of a common factual circumstance. And even if this Court were to sever as Defendants desire, those common questions will be litigated in state court by at least the nondiverse Plaintiffs and Defendants and the Illinois Defendants and their policyholders. Accordingly, "[s]everance here would not be just" because it would unfairly require Plaintiffs to litigate the same issues "on two fronts in two separate courts with duplicative discovery and all the cost and delay that entails." *Schulke*, 2016 WL 3059114, at *3; *see also In re Biomet*, 2016 WL 3901366, at *8 ("[T]he plaintiffs would have to bear the cost and difficulty of litigating a state case and a federal case . . . in parallel[.]"). Severance therefore will prejudice Plaintiffs and cannot be accomplished on "just terms" as Rule 21 requires.

Defendants additionally argue that the Judicial Panel on Multi-District Litigation's (JPML) recent decision declining to create a nationwide MDL of business interruption insurance claims related to a variety of industries supports a severance here. It does not. The standards that govern the JPML's decision and the factors it considers are entirely different from the severance standard under federal or Illinois rules of procedure. Importantly, the JPML considers whether actions pending in different federal courts should be transferred to a single court for "coordinated or consolidated *pretrial* proceedings"; it does not create an MDL for purposes of resolving all claims on the merits. *See* Jud. Panel on Multidistrict Litig., https://www.jpml.uscourts.gov/overview-panel-0 (last visited Sept. 17, 2020). And the movant seeking to create an MDL bears the burden of showing that doing so makes sense "to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties." *Id.* But in the context of defendants seeking severance after removal, the plaintiff is master of the complaint, the court presumes that joinder is proper, the defendant bears the burden of showing that the court has jurisdiction, and "[a]ll doubts about the propriety of removal are to be resolved in favor of remand." *Schulke*, 2016

WL 3059114, at *1, *3-4 (citation omitted). Therefore, the JPML's decisions about creating an MDL do not support Defendants' attempts to have this Court exercise jurisdiction it does not have to sever Plaintiffs' properly joined claims.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' Motion to Remand, and ordering Defendants to pay Plaintiffs' attorneys' fees and costs incurred as a result of improper removal.

Dated:  September 18, 2020

Respectfully Submitted,

By: /s/ *John H. Mathias, Jr.*

John H. Mathias Jr.
David M. Kroeger
Gabriel K. Gillett
Megan B. Poetzel
Precious S. Jacobs
Joshua M. Levin
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: 312-923-2917
Email: jmathias@jenner.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed via the Court's electronic filing system on this 18th day of September, 2020, to be served by operation of the electronic filing system on all ECF-registered counsel of record.

*/s/ John H. Mathias Jr.*