# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC, et al., | Case No. 1:20-cv-05140 |
| *Plaintiffs,* | Honorable Robert M. Dow Jr. |
| vs. | |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al., | Removed from the Circuit Court of Cook County Case No. 2020 L 8099 |
| *Defendants.* | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit supplemental authority that relates to legal issues in two pending motions before this Court: (1) Plaintiffs' Motion to Remand (Dkt. 128); and (2) certain Defendants' Motions to Sever.[1]

A key issue in the pending motions is whether Plaintiffs have properly sought relief against multiple Defendant-Insurers in a single action to be decided efficiently, uniformly, and quickly by a single state-court judge, where Plaintiffs' "claims all relate to Illinois and all present common legal questions that involve applying common policy language to common facts and circumstances." Reply Br. 1 (Dkt. 154); *see also id.* at 3, 17-19.

Plaintiffs submit the supplemental authorities below, each decided since the completion of briefing, which show that in a variety of contexts courts have found it reasonable to decide business interruption insurance cases involving multiple insurers and policies in a single proceeding.

---

[1] Fourteen Defendants have moved to sever or joined a pending motion to sever. *See* Dkts. 19 (Citizens Ins. Co.), 67 (Zurich), 85 (Affiliated FM), 103 (Badger Mutual), 104 (Society), 107 (Cincinnati), 109 (Vigilant), 111 (Employers of Wausau), 112 (Ohio Sec.), 121 (Charter Oak), 122 (Hartford), 123 (Sentinel), 124 (Twin City), 127 (Secura). Five Defendants—Argonaut, Illinois Casualty, North American Elite, Spriska, and Starr Surplus Lines—have neither filed nor joined a motion to sever.

Although in slightly different procedural contexts and in cases where the court's jurisdiction was undisputed, these appellate and trial court decisions underscore that Plaintiffs properly chose to join multiple defendants in a single case in state court for streamlined resolution of the issues that are common to all Plaintiffs. The Motion to Remand should be granted and the Motions to Sever should be denied.

1. *Wilson v. USI Insurance Services LLC*, **No. 20-3124, Order (3d Cir. Apr. 6, 2021), attached hereto as Exhibit A:**

    On April 6, 2021, the Third Circuit Court of Appeals consolidated fourteen pending appeals involving business interruption claims, and any similar such appeals, "before a single panel for scheduling and disposition." These appeals challenge district court decisions in cases involving different insurers, different policies, different types of businesses (including restaurants, retailers, doctors, and others), and different state laws. Despite these differences—and despite the fact that each plaintiff chose to bring a separate action and separate appeal—the Third Circuit has decided that a single panel is best situated to review the parties' joint briefs, hear oral argument, and decide these cases at the same time.

2. *Mudpie, Inc. v. Travelers Casualty Insurance Company of America*, **No. 20-16858, Order (9th Cir. Apr. 1, 2021), attached hereto as Exhibit B,** and *Chattanooga Professional Baseball LLC v. National Casualty Co.*, **No. 20-17422, Order (9th Cir. Apr. 1, 2021), attached hereto as Exhibit C:**

    On April 1, 2021, the Ninth Circuit Court of Appeals ordered that business interruption appeals brought by two different types of businesses (a manufacturer and a retailer), against two different insurers with different policies would be consolidated for purposes of oral argument and decision. The same day, the Ninth Circuit ordered that a third business interruption appeal—involving a third type of business (minor league baseball teams), a

third insurer, and the laws of ten different states—would be calendared for argument at the same time, presumably before the same panel.

3. ***In re: Society Ins. Co. COVID-19 Bus. Interruption Protection Ins. Litig.*, MDL No. 2964, 2021 WL 679109 (N.D. Ill. Feb. 22, 2021), attached hereto as Exhibit D:**

On February 22, 2021, Judge Edmond E. Chang of the Northern District of Illinois, presiding over a multi-district litigation involving business interruption claims against Society Insurance, issued a single decision deciding bellwether dispositive motions related to three different plaintiffs and the laws of four different states (Illinois, Wisconsin, Minnesota, and Tennessee). As Judge Chang explained in denying the insurer's motions to dismiss and for summary judgment, and in finding that plaintiffs had adequately alleged that they suffered physical loss or damage, the relevant factual circumstances and legal "analysis is nearly identical" across plaintiffs despite their differences. *Id*. at *6.

4. ***Derek Scott Williams PLLC v. The Cincinnati Insurance Co.*, No. 1:20 CV 2806, 2021 WL 767617, Order (N.D. Ill. Feb. 28, 2021), attached hereto as Exhibit E:**

Relying on Judge Chang's decision denying the motions to dismiss and for summary judgment in the Society Insurance MDL (which as noted above applied the laws of Illinois, Minnesota, Wisconsin, and Tennessee), Judge Matthew F. Kennelly of the Northern District of Illinois denied a motion to dismiss a business interruption claim arising under Texas law. In so doing, and in finding that the plaintiff had adequately alleged that it suffered physical loss or damage, Judge Kennelly noted that "there does not appear to be an appreciable difference between the law of Texas and that of other states on the key contract interpretation principles involved." *Id*. at *3.

3

5. *Henderson Road Systems, Inc., et al v. Zurich American Insurance Company*, No. 1:20 CV 1239, 2021 WL 168422 (N.D. Ohio Jan. 19, 2021), attached hereto as Exhibit F:

On January 19, 2021, a court in the Northern District of Ohio issued a single decision granting summary judgment for eleven different restaurant and hospitality businesses operating in five different states (Ohio, Pennsylvania, Michigan, Indiana and Florida). The court granted summary judgment for all plaintiffs—finding, as a matter of law, that plaintiffs had suffered physical loss or damage—without evaluating any differences in each restaurant's specific factual situation, each jurisdiction's applicable executive orders, or each state's law.

These supplemental authorities support Plaintiffs' position that all of their claims should be efficiently resolved in a single case by a single judge in state court, and refute Defendants' position to the contrary. *See, e.g.*, Joint Opp. 23 (Dkt. 139); Starr Opp. 4 (Dkt. 138). Indeed, this case presents even more compelling circumstances for streamlined resolution. Unlike in the cases above, Plaintiffs' claims here share a geographic nexus, arise from executive shutdown orders in Illinois (among other places), and involve Plaintiffs that suffered direct physical loss or damage in a similar manner under similar circumstances. And unlike in the appeals noted above and in the Society Insurance MDL, this Court lacks jurisdiction because the parties are not completely diverse and the Plaintiffs here voluntarily exercised their well-established right, as masters of their complaint, to "structure[] and file[] this case to secure a prompt decision on the critical threshold issues they all face." Reply Br. 3.

Dated: April 9, 2021                      Respectfully Submitted,

By: /s/ *John H. Mathias Jr.*

John H. Mathias Jr.
David M. Kroeger
Gabriel K. Gillett
Megan B. Poetzel
Precious S. Jacobs
Joshua M. Levin
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: 312-923-2917
Email: jmathias@jenner.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on April 9, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

    /s/ John H. Mathias Jr.